# ASAHEL GAGE

### *v.*

## RICHARD P. LIGHTBURN et al.

1. PARTITION—*jurisdiction to determine conflicting titles.* Under section 39, ch. 106, Rev. Stat. 1874, in all suits for partition of real estate, whether commenced by bill in chancery or by petition, the court has jurisdiction to investigate and determine all questions of conflicting titles to the property sought to be partitioned.

2. So, in a suit for partition, it was alleged that one of the claimants held only under a tax deed, and that such tax deed was void, for the reason a portion of the tax upon which it was founded was void, because the certificate of the school directors under which the tax was levied was not such as was required by law, and was not filed in proper time; and further, that the deed was issued without authority of law, setting out the affidavit upon which it was issued, and the notice given. The circuit court found that the grantor

of the person so claiming under the tax deed had purchased the property at a tax sale, and had paid certain moneys which had not been refunded, and that the present claimant under the tax deed was equitably entitled to receive from the owners the sums so paid, with interest. It was *held*, that under the statute, the suit being by bill in chancery or by petition, the court had jurisdiction to investigate and determine the questions thus presented.

3. TAX DEED — *as evidence of title.* Where a tax deed is relied upon as evidence of paramount title, it must be supported by a valid judgment and precept.

APPEAL from the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and the Hon. GEO. W. PLEASANTS and Hon. JOSEPH M. BAILEY, Justices.

This was a proceeding for the partition of real estate, commenced in the Superior Court of Cook county, where it was tried before the Hon. SAMUEL M. MOORE. On appeal to the Appellate Court the decree of the Superior Court was affirmed. Thereupon an appeal was taken to this court.

Mr. AUGUSTUS N. GAGE, and Mr. M. R. M. WALLACE, for the appellant:

This is either a bill, or petition for partition. In either case the court has no jurisdiction to adjudicate the title of appellant.

The jurisdiction of courts in partition, either at law or in chancery, is confined to the adjustment and apportionment between holders of undivided interests. Freeman on Cotenancy and Partition, p. 521, sec. 431; sec. 1, ch. 106, Rev. Stat.; sec. 5, ch. 106, id.

If a petition, this is a statutory proceeding, and the statute is mandatory and exclusive. *Scoville* v. *Hilliard,* 48 Ill. 453.

And the court acts as a court of law, and mere equitable claims and titles can not be investigated; as to those, resort must be had to courts of equity for relief. *Greenup* v. *Sewell,* 18 Ill. 53; *Louvalle* v. *Menard,* 1 Gilm. 39.

Estates in severalty are not within the province of this statute. *McConnell* v. *Kibbe,* 43 Ill. 12; *Scoville* v. *Hilliard,* 48 id. 453; *Ross* v. *Cobb,* 45 id. 111; 52 id. 449.

A decree in partition can not be had while the premises are held adversely by other parties. *Mattair* v. *Payne*, 15 Fla. 682.

A court of equity can not make partition of land unless the title is clear.

Courts of equity have no jurisdiction to try controversies about the title to land. *Walker* v. *Laflin*, 26 Ill. 473, and authority there cited.

In most of the States proceedings for partition can not be sustained while the property to be divided is held adversely to the petitioner. Freeman on Cotenancy and Partition, sec. 481, p. 586.

If this is a proceeding under the statute, ch. 106, then it must be a proceeding at law, as a proceeding in chancery for partition is not governed by the statute. *Labadie et al.* v. *Hewett*, 85 Ill. 341; *Hess* v. *Vose*, 52 id. 472.

This being so, the court could not exercise any chancery powers except such as are expressly given by the act.

When property is held adversely to the petitioner, proceedings for partition can not be sustained, and the holder of an adverse legal title is not a necessary party. Freeman on Cotenancy and Partition, p. 586, sec. 481.

Proceedings for partition are not designed as an alternative remedy with an action of ejectment. Same, sec. 447, p. 545.

The object of the proceeding in a petition for partition is to turn an estate that is possessed in common into an estate in severalty, and not to furnish a mode of settling conflicting titles. Same, sec. 447, p. 446.

Mere legal titles can not be adjudicated in this proceeding even in chancery. Same, sec. 503, p. 615; *Deery* v. *McClintock*, 31 Wis. 202; *Hamilton* v. *Quimby*, 46 Ill. 90.

Messrs. G. & W. GARNETT, for the appellees:

The court was authorized by sec. 39, ch. 106, (Partition Act) to determine whether Lightburn and Caldwell, or Gage, owned the land.

In the case of *Henrichsen* v. *Hodgen et al.* 67 Ill. 179, the Supreme Court permitted the litigation in a suit in chancery for partition, of an adverse title to eighty acres of land out of the ninety that was sought to be partitioned.

In *Harrer et al.* v. *Wallner*, 80 Ill. 197, the Supreme Court approved the adjustment in a chancery suit of adverse titles to the whole of the premises.

A court of equity has jurisdiction in partition, even though the possession is adverse to the complainant.   *Howey et al.* v. *Goings*, 13 Ill. 108.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a proceeding commenced either by bill in equity or by petition to partition certain lots among parties alleged to be the owners in fee.

It is alleged the county clerk of the county in which the lots are situated executed and delivered to defendant, Gage, a tax deed for the lots described; that defendant has no other claim to such property, and that the tax deed is void.

It is said a portion of the tax for which the property was sold was void, for the reason the certificate of the school directors under which the same was levied was not such a certificate as is required by law, and was not filed in time; that the deed issued to defendant was without authority of law, setting out copies of the affidavit upon which the deed was issued, and the notice given, and hence it is alleged defendant had no title to the property adverse to that of petitioners.

The court found that petitioners and one Caldwell were the owners of the property, and that defendant Gage's grantor had purchased the property at tax sale, and had paid certain moneys which had not been refunded, and that defendant was equitably entitled to receive from the owners the sums so paid, with interest.

On appeal to the Appellate Court that decree was affirmed, and defendant, Gage, brings the case to this court.

The first position taken is, that the circuit court, in a par-

252      GAGE *v.* LIGHTBURN *et al.*      [Sept. T.

Opinion of the Court.

tition proceeding, has no jurisdiction to investigate and determine what is termed the adverse title of defendant, Gage, to the property in question. This we think is a misapprehension of our statute on this subject. Section 39, ch. 106, provides that "in all suits for partition of real estate, whether by bill in chancery or by petition, the court may investigate and determine all questions of conflicting or controverted titles, and remove clouds upon the titles to any of the premises sought to be partitioned."

It will be perceived it makes no difference whether this proceeding was commenced by bill or by petition. In either case the statute confers jurisdiction upon the court to investigate and determine conflicting titles to the property. The case of *Henrichsen* v. *Hodgen,* 67 Ill. 179, was for the partition of lands, commenced by bill. It was objected that Henrichson being in possession, the proper remedy as to him was at law by an action of ejectment; but it was held the court having obtained jurisdiction of the case, for the purpose of partition, might do complete justice between the parties and dispose of the whole question of title between them, and thus save the necessity of a resort to an additional suit. That case gave construction to the statute cited, and must be regarded as conclusive as to the objection to the jurisdiction of the court in the case at bar.

Before the tax deed to defendant, Gage, could become evidence of paramount title to the property in him, it must be shown it was founded on a valid judgment. No judgment for taxes against the property is shown, nor any precept authorizing the sale. Unless a judgment for taxes against the property, and precept are shown, the tax deed will not divest absolutely the title of the former owners, and it will not be necessary to discuss the objections taken to a portion of the taxes for which the property was sold, nor whether the purchaser complied with the statute as to giving notice before taking out a tax deed.

The judgment will be affirmed.

*Judgment affirmed.*