WILLIAM HOPKINS *et al,*

*v.*

EDGAR A. MEDLEY *et al.*

*Filed at Mt. Vernon June 21, 1881.*

1. PARTITION—*defences the same, whether in law or equity.* The rights of the parties to a suit for partition, whether brought at law or in equity, may as effectually be enforced in one forum as the other.   The only difference between the two relates to the mode of procedure.

2. CHANCERY—*enjoining legal proceedings.* It is a familiar principle that courts of equity will not interpose by injunction to restrain the enforcement of a judgment at law, where the rights of the complainant might have been enforced and protected in the trial at law to the same extent as in a court of equity, where no fraud, accident or mistake has intervened to deprive him of his rights in the legal forum.

3. Where the defendant in a petition for partition, set up certain equitable defences, which were disallowed, and on his appeal the decree was reversed and the cause remanded, and pending the appeal the defendant filed a bill in equity against the petitioner, setting up the proceedings under the petition and the same equitable matters relied upon as a defence in the proceeding at law, and praying for an injunction to restrain further proceedings under the judgment at law, and for a partition according to the equities of the parties: *Held,* that the bill was properly dismissed on demurrer, the judgment at law, as to the defences interposed, being conclusive until reversed in a direct proceeding for that purpose, and that where an appeal was taken, the party must abide the result of it.

APPEAL from the Circuit Court of Clay county; the Hon. THOMAS S. CASEY, Judge, presiding.

Mr. RUFUS COPE, for the appellants:

The court below adopted the theory that the court, in the proceeding at law for partition, had jurisdiction to hear and determine all matters set up in complainants' bill, and that they not being set up by cross-bill, appellants are barred from the relief now sought.

Prior to the amendments to the Partition act, in 1861 and 1874, questions of controverted title could not be determined,

and where the suit was at law, there was no power to remove clouds. *Walker* v. *Laflin*, 26 Ill. 475; *Ross* v. *Cobb*, 48 id. 113.

A proceeding under the statute was purely a legal one, and dealt only with the legal title. *Louvalle* v. *Menard*, 1 Gilm. 39; *Howey* v. *Goings*, 13 Ill. 95; *Greenup* v. *Sewell*, 18 id. 51; *Gregory* v. *Gover et al.* 19 id. 608; *Rowan et al.* v. *Reed et al.* id. 21; *Labadie* v. *Hewitt*, 85 id. 342; *Hess* v. *Voss*, 52 id. 472.

In chancery such defence as may be made by plea or answer is concluded by a decree. But a cross-bill is in the nature of an original bill. It seeks affirmative relief, and while, where a proceeding for partition is in chancery, a defendant may seek relief by a cross-bill, he is not compelled to do so, but may file his original bill. Adams' Equity, 230, note 1; 7 Ired. Equity, 94.

Where the proceeding is at law, he can not obtain relief by cross-bill, but must proceed by original bill. *Louvalle* v. *Menard*, 1 Gilm. 39; Adams' Equity, 230, note 1. These authorities embrace most of the questions presented by this record.

Appellants are entitled to all the proceeds of the sale of the lot in question which may arise from the enhanced value because of the improvements. *Louvalle* v. *Menard*, 1 Gilm. 39; *Donnell* v. *Mater*, 7 Ired. Eq. 94; Adams' Equity, 230, note 1; *Howey* v. *Goings*, 13 Ill. 95; *Dean* v. *Omera*, 47 id. 121; *Kurtz* v. *Hibner*, 55 id. 514; *Mahoney* v. *Mahoney*, 65 id. 406; *Roberts* v. *Beckwith*, 79 id. 246; *Labadie* v. *Hewitt*, 85 id. 342; *Borah* v. *Archer*, 7 Dana, 176.

Where one tenant in common buys in an outstanding title or incumbrance, he is entitled to be reimbursed. Such purchase inures to the benefit of the other tenants. *Bracken* v. *Cooper*, 80 Ill. 221; *Louvalle* v. *Menard*, 1 Gilm. 39; *Illinois Land Co.* v. *Bonner*, 75 Ill. 317; *Buck* v. *Huston*, id. 343; *Titsworth* v. *Stout*, 49 id. 78; *Wilton* v. *Lazwell*, 86 id. 29.

Mr. F. G. COCKRELL, for the appellees:

We are at a loss to know how it can be contended by any one that the proceedings for partition, under the statute, and in chancery, are not concurrent and co-extensive remedies, and that being the case, whichever power gets jurisdiction of the subject matter first will hold it, and do complete justice between the parties. We think that such construction is not only in accordance with the letter but the spirit of the Partition act. Hurd's Stat. 1880, ch. 106, p. 758, sec. 1.

It is contended, that while the court, under the Partition act, may investigate and determine all questions of conflicting or controverted titles, remove clouds, and apportion incumbrances, etc., it can not adjust the equities between the parties to the suit. If that be true, we are at a loss to know what the legislature meant when section 39 was passed. We take it that the proceedings for partition, under the statute, and in chancery, as stated above, are concurrent and co-extensive remedies. *Davis* v. *Hall et al.* 92 Ill. 85.

And in support of the position that in the proceedings for partition under the statute the court can and will adjust the equities, we refer to *Gage* v. *Lightburn*, 93 Ill. 248, and *Hopkins et al.* v. *Medley et al.* 97 id. 402.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Appellees brought a petition at law to the March term, 1880, of the Clay county circuit court, against appellants, for the partition of lot 9, block 20, in the town of Flora, this State. Appellants, by their attorney, appeared and filed answers to the petition, setting up certain equitable defences, which the court disallowed, and thereupon entered a judgment directing a partition of the premises, in conformity with the prayer of the petition. On appeal to this court the judgment of the circuit court was reversed and the cause remanded. Pending the appeal in this court, appellants filed a bill, on the equity side of the Clay county circuit court, against ap-

pellees, setting up the proceedings under the petition for partition on the law side of the court, and the same equitable matters relied upon as a defence in that proceeding, and praying for an injunction enjoining all proceedings under the judgment for partition, and for a partition of the lot in question according to the equities of the parties, as they should respectively appear. To this bill appellees filed a general demurrer, which was sustained by the court. Appellants electing to stand by their bill, a final decree was entered dismissing the same, and the appellants bring the case here by appeal, and assign for error the sustaining of the demurrer and dismissal of the bill.

It is true, as claimed, the statute expressly recognizes the distinction between partitions at law and in equity, yet it does not therefore follow that the rights of the parties may not be as fully enforced in the one proceeding as the other. The primary rights of the parties are the same, in either case, and may be enforced as effectually in one forum as the other. The only difference between the two relates to the procedure. *Gage* v. *Lightburn et al.* 93 Ill. 248.

When the partition is at law, the rules of pleading and practice which obtain in courts of law control, except so far as modified by the statute. So, the practice and pleadings in courts of equity govern when the partition is in equity. It is a familiar principle that courts of equity will not interpose, by injunction, to restrain the enforcement of a judgment at law, where the rights of the complainant might have been enforced and protected in the trial at law, to the same extent as in a court of equity. Where parties are sued at law, whatever rights they may have with respect to the matter in controversy, whether merely defensive, or in the nature of a counter-claim, that are equally available at law or in equity, it is their duty to set them up and insist upon their enforcement. In such case, the law will not suffer parties to lie by until a judgment has gone against them, and then permit them to go into a court of equity and obtain redress, where

no accident, fraud or mistake has intervened to deprive them of their rights in the legal forum; and where, as in the present case, they make this defence at law, which is disallowed by the court, and a judgment goes against them, such judgment is conclusive upon them till reversed, and their only remedy is by an appeal to the proper court of review; and where, in such case, an appeal has been taken, they can not, pending the appeal, go into a court of equity for the enforcement of their rights. They must abide the result of the appeal.

Such being the law, it follows that the demurrer was properly sustained to appellants' bill, and there was no error in dismissing it.

*Decree affirmed.*