Printers Corporation and Howard, Wood & Fischer, Inc., Appellees, v. Hamilton Investment Company, Appellant.

Gen. No. 39,976.

Opinion filed April 25, 1938. Rehearing denied May 9, 1938.

ROTHBART & ROSENFIELD, of Chicago, for appellant.

LUSTER & LUSTER, of Chicago, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Each plaintiff borrowed money from the defendant and each executed its instalment note for more than the amount borrowed. The payment of each was secured by chattel mortgage. Defendant caused judgment by confession to be entered for the face of the notes less what had theretofore been paid. Each sought to enjoin defendant from collecting that part of the judgment which was in excess of the money borrowed. By agreement the causes were tried together, a decree entered as prayed for, and defendant appeals.

The record discloses that on December 5, 1935, the Printers Corporation borrowed $2,300 from defendant and executed its judgment note secured by a chattel mortgage for $2,760, payable in 25 monthly instalments; the first 15 instalments were $75 each, the next 9 $175 each, and the last one $60. The instalments were paid when due, including the July, 1936, instalment. July 21, 1936, defendant demanded immediate payment of the balance of the face of the note which included the $460 over and above the amount borrowed, and 3 days afterward, July 24, caused judgment by confession to be entered for $2,423.55. February 6, 1936, Howard, Wood & Fischer, Inc., borrowed $2,000.39 from defendant, and on that day executed its judgment note for $2,255.39, secured by a chattel mortgage. May 8, 1936, Howard, Wood & Fischer borrowed $350 from defendant and executed its judgment note for $390, secured by a chattel mortgage. The first of these notes was payable in 18 monthly instalments, the first 17 for $100 each due on the 15th of each month, and the final instalment of $555.39 due August 15, 1937. The other note was payable in 12 monthly instalments, the first 11 for $32 each, and the final instalment of $38 due May 8, 1937. The instalments on these two notes were paid, together with interest, as they fell due, but in July defendant demanded the entire amount then unpaid and on July 24, 1936, caused judgment by con-

fession to be entered against Howard, Wood & Fischer, Inc., for $2,185.18. The several notes bore interest at 6 per cent per annum "and after maturity at the highest legal rate." Each of the judgments included $100 attorney's fees.

August 3, 1936, each plaintiff filed its motion and petition to vacate the judgment against each, the motions were denied and shortly thereafter each filed a second motion which was likewise denied, and on the same date, August 14, the instant suit was brought by both plaintiffs. On that date a temporary writ of injunction issued without notice, enjoining defendant from the collection of that part of the judgment over and above the amount actually borrowed and remaining unpaid. Three days later, August 17, each plaintiff paid defendant that part of the judgment which had not been enjoined and took defendant's receipts therefor.

A short time before the judgments by confession were entered, each plaintiff being in need of additional money to buy additional machinery borrowed money from the Landfield Finance Company. The Printers Corporation borrowed $6,000, and Howard, Wood & Fischer, Inc., $3,950, each executing its chattel mortgage on the same properties covered by the chattel mortgage held by defendant. There is some dispute in the evidence as to whether part of the moneys borrowed from the Landfield Finance Company was to be used to take up the notes held by defendant and involved in the instant case; but we think this question is not of importance here.

But two points need to be decided. (1) Defendant contends that plaintiffs had an adequate remedy at law by filing their motions to open up the judgment entered by confession and for leave to defend; that in such cases the court considers the equities of the case, and that plaintiffs' motions having been denied the

matter is *res adjudicata* and cannot be raised, as is sought to be done by filing the complaint in equity in the instant case; that if plaintiffs were not satisfied with the decision of the trial court in denying their motions to open up the judgments and for leave to defend, they should have prosecuted an appeal, and not having done so the matter is not subject to review. In *Hopkins v. Medley*, 99 Ill. 509, cited by defendant, plaintiff filed a petition at law for partition. The defendant filed an answer, setting up certain equitable defense, which the court disallowed and entered a judgment directing a partition of the premises. On appeal to the Supreme Court the judgment was reversed and the cause remanded. Pending the appeal defendants in the partition suit filed their bill in equity setting up the proceedings under the petition in the partition suit, and also the same equitable matters relied upon as a defense in that proceeding, and praying that the prosecution of the partition suit be enjoined. A demurrer was sustained to the bill, suit was dismissed, and on appeal to the Supreme Court the decree was affirmed. The court said (p. 512): "It is true, as claimed, the statute expressly recognizes the distinction between partitions at law and in equity, yet it does not therefore follow that the rights of the parties may not be as fully enforced in the one proceeding as the other. The primary rights of the parties are the same, in either case, and may be enforced as effectually in one forum as the other. The only difference between the two relates to the procedure. . . .

"When the partition is at law, the rules of pleading and practice which obtain in courts of law control, except so far as modified by the statute. So, the practice and pleadings in courts of equity govern when the partition is in equity. It is a familiar principle that courts of equity will not interpose, by injunction, to restrain the enforcement of a judgment at law where the rights

of the complainant might have been enforced and protected in the trial at law, to the same extent as in a court of equity.''

And in *Clark v. Chandler*, 286 Ill. 180, also cited by counsel for defendant, the court said (p. 183): ''Appellants here were not deprived of any defense in the Appellate court nor did their defense involve a purely equitable right or remedy which they could not present and urge in that court.'' While it is true that in motions to vacate judgments entered by confession it is said that courts exercise equitable powers, yet we think it cannot be said that in such case the court exercises as broad equity powers as does a chancellor in a suit in equity. And we think this distinction has not been entirely abrogated by section 44 of our Civil Practice Act (ch. 110, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.044]). In the instant case the decree entered found that the indebtedness secured by the two chattel mortgages had been fully paid, and it was decreed that the chattel mortgages were therefore null and void and of no further effect; that the clerk of the court return $1,000 which plaintiffs had theretofore deposited with him on August 14; that the temporary injunction be made permanent, and the judgments entered by confession in the two suits were decreed not to be a lien on the property of each of the plaintiffs respectively. We are of opinion that plaintiffs' remedy in seeking to have the judgments by confession opened up and for leave to defend, was not as complete and adequate as that afforded by a court of chancery.

(2) The other contention of counsel for defendant is that ''Courts of equity cannot substitute their judgment for that of contracting parties in the absence of fraud, accident or mistake, or some other recognized principle of equity''; that the judgments sought to be enjoined are legal in every respect and that the decree in the instant case was entered by the chancellor because he was of opinion that the enforcement of the

judgment was ''shocking to the conscience of the court.'' And in support of this counsel cite *Manufacturers' Finance Co. v. McKey,* 294 U. S. 442. On the other side, counsel for plaintiffs contend that the decree was entered by virtue of the provision of sec. 7, ch. 69, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 109.355]. That section provides: ''so much of any judgment at law shall be enjoined as the plaintiff shall show himself equitably not bound to pay, and so much as shall be sufficient to cover costs.''

The chancellor in deciding the case said: ''This right to maintain the bill to restrain the collection of the judgment is predicated upon the statute. The statute provides that a judgment may be enjoined when it appears to the Court of equity that they are not equitably bound to pay; . . .

''The statute intervenes after the judgment is entered, not before; . . . when it appears to a court of equity that equitable reasons exist that should not compel them to pay it''; that the equitable reason contended for was that plaintiffs had made the monthly payments as provided for in the notes; that there was no default at the time the judgments were entered; that defendant had a right to have the judgments entered because each of the notes provided that such judgment might be entered ''at any time hereafter.'' The court then discussed the evidence and continuing said: ''They made their payments regularly, and no default at any time occurred with respect to the payments called for by the note. It is clear that there is in this case considerable feeling between competitive money loaning concerns. The feeling runs quite high, in view of the tirade the witness, Rees, indulged in against the Landfield Company.'' We think it clear that plaintiffs ought not to be required to pay the face of the notes when part of the consideration was that each plaintiff would be permitted to pay the notes in instalments running over a period of about two years. And when de-

fendant breached this agreement by demanding payment in full although there was no default, we think that part of the consideration in excess of the amount of money borrowed failed. Defendant having breached its contracts, cannot thereafter seek their literal enforcement.

The *McKey* case, 294 U. S. 442, is not in point. In that case Grigsby-Grunow Co., a corporation, entered into a contract with another, according to the terms of which the latter agreed to purchase from the former certain accounts receivable, etc., and agreed to collect them and turn over the proceeds as collected, for which services the assignee was to be paid about 28 per cent. The Grigsby-Grunow Co. was afterward in bankruptcy. That court allowed the assignee 7 per cent interest instead of the 28 per cent, as the contract provided. The Supreme Court held this was erroneous; that the contract was valid and binding in Illinois, and said (pp. 448–9): "The mere fact that a party is obliged to go into a federal court of equity to enforce an essentially legal right arising upon a contract valid and unassailable under controlling state law does not authorize that court to modify or ignore the terms of the legal obligation upon the claim, or because the court thinks that these terms are harsh or oppressive or unreasonable. A party may stand upon the terms of a valid contract in a court of equity as he may in a court of law. 'If he asks no favors, he need grant none. But if he calls on a court of chancery to put forth its extraordinary powers and grant him purely equitable relief, he may with propriety be required to submit to the operation of a rule which always applies in such cases and do equity in order to get equity.' " In that case the assignee of the accounts was brought into the bankruptcy court and was standing on his contract, which the Supreme Court held he had a right to do. But in the case at bar the defendant, when it caused judg-

ments to be entered on the notes, breached its agreement, which was that it would permit the maker of the notes to pay in monthly instalments over a period of 25 months.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

McSurely and Matchett, JJ., concur.