## SHULER *et ux.* v. COLLINS.

### No. 2980.    Opinion Filed November 18, 1913.

### (136 Pac. 752.)

1. **TRIAL**—Instructions—Evidence. It is not error to refuse an instruction based upon a state of facts, to support which there is no evidence.

2. **APPEAL AND ERROR**—Presentation Below—Instructions. This court will not review an instruction given on the trial of a cause, unless the instruction is excepted to at the trial, and exception made to appear of record, and the objection pointed out in the trial court by motion for new trial.

3. **SAME**—Brief—Sufficiency. Where a party is content to merely set out in his brief an instruction complained of, and states that he complains thereof as prejudicial error, without attempting to point out what parts of said instruction are erroneous, or wherein it does not correctly state the law, and without supporting his contention either with argument or with the citation of authorities, such assignment of error will not be considered.

4. **SAME**—Change of Theory. Where a party tries his case upon one theory in the trial court, he will not be permitted in this court to change front and try to prevail upon another theory, not presented in the trial court.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by James S. Collins against C. E. Shuler and Emma E. Shuler. Judgment for plaintiff, and defendants bring error. Affirmed in part, reversed in part.

*Clint C. Steinberger* and *Griffith & Prichard,* for plaintiffs in error.

*Carlisle & Edwards,* for defendant in error.

HAYES, C. J. Defendant in error, hereinafter called plaintiff, brought this action in the court below to recover damages for fraud and deceit alleged to have been practiced upon him by the defendants in error, whereby he was induced to exchange

a quarter section of land located in Roger Mills county in this state for a tract of land located in Wright county, Mo.

There is evidence in the record to establish that on the 8th day of January, 1910, plaintiff was the owner of a certain quarter section of land located in Roger Mills county in this state. On that date he entered into an agreement with plaintiff in error, C. E. Shuler, whereby he agreed to convey to said Shuler said tract of land for a certain quarter section of land located in Wright county, Mo., and further to assume an incumbrance on the land in Missouri in the amount of $200, and to pay to Shuler $50 in cash. The deeds were executed and delivered in accordance with said agreement. The evidence establishes that the conveyance made by plaintiff of his land was procured upon the representations of said Shuler that his farm in Missouri consisted of 80 acres, two miles from the town of Mansfield, all tillable, fenced, and cross-fenced, seven-room house, barn, cider mill, good well, eighteen acres in orchard, fenced with woven wire. The evidence establishes that all these representations were false; that the land was located 30 miles from Mansfield; that none of the same was tillable, or fenced, or cross-fenced; that it had no improvements thereon whatever, but was a waste piece of land, of extremely poor soil; that it had never been under cultivation, and was worthless, and could not be used for any useful purpose. Plaintiff, prior to the execution of the deeds, had never seen the property in Missouri, and Shuler had never seen plaintiff's property. Each relied upon the representations of the other in making the exchange. After the exchange had been made, plaintiff visited Missouri, and discovered the fraud that had been practiced upon him, and tendered to Shuler a deed, reconveying to him the property received by plaintiff from Shuler, and demanded that Shuler reconvey to him the farm he received from plaintiff, which Shuler refused to do, and thereafter he sold and conveyed the land to another person, and is therefore in no position to restore said land to plaintiff.

In one of the assignments of error, plaintiffs in error complain that their motion for a directed verdict in their favor should have been sustained, and that the verdict is contrary to the evidence. We have examined the record carefully, and find that

as to plaintiff in error, C. E. Shuler, this contention is without merit. It is true that Shuler testified that before the trade was consummated between him and plaintiff he informed plaintiff that he had never seen the land in Missouri; and that all his information relative thereto had been received from one Truitt, the real estate agent through whom he (Shuler) had acquired the land, and that he advised plaintiff that before he made the trade, plaintiff should go to Missouri and inspect the land, and in this evidence he is corroborated by the testimony of his wife; but plaintiff, on the other hand, testified that these statements by Shuler were not made by him until after the trade had been consummated, and that he relied wholly upon the representations of Shuler as to the kind, character, and location of the land, and was induced by his false representations relative thereto to make the conveyance to him that he did.

The trial court, in an instruction to which no exception was taken, submitted to the jury that, if they found before the trade was consummated Shuler advised plaintiff that he had never seen the land and knew nothing of it, except as he had been informed by others, and gave to plaintiff the source of his information, then the verdict should be for defendants. Under the conflict in the evidence, the court properly submitted this issue to the jury as to C. E. Shuler; but a careful examination of the record fails to disclose that plaintiff in error, Emma E. Shuler, ever made any representations about the land for which plaintiff traded, or that plaintiff was in any manner induced by any representation of hers to make the trade. She had no interest in the land conveyed by her husband, and received no part of the land conveyed by plaintiff to her husband. We fail to find any evidence in the record that would support a verdict against her in favor of plaintiff for any damages, and the judgment as to her should, for this reason, be reversed.

Plaintiffs in error requested the court to instruct the jury that if they believed from the evidence that the farm in Roger Mills county was of no more value and was equal to the value of the farm in Wright county, Mo., then their verdict should be for the defendants. The court properly refused to give this

instruction, for the reason that there is no evidence in the record to which it could apply. There is considerable evidence as to the value of the farm in Roger Mills county conveyed by plaintiff, but the only evidence as to the value of the Wright county farm conveyed by Shuler is that it is worthless. It is not error to refuse an instruction, based upon a state of facts to support which there is no evidence. *Kingfisher v. Altizer,* 13 Okla. 121, 74 Pac. 107.

Upon the authority of *Howe et al. v. Martin et al.,* 23 Okla. 561, 102 Pac. 128, 138 Am. St. Rep. 840, plaintiffs in error complain that the trial court committed error in its instructions to the jury upon the measure of plaintiff's damages, in that the jury was instructed that if they found for the plaintiff, they would then assess his damages at an amount equal to the value of his farm in Roger Mills county at the time of such transfer; but it does not appear that any objection or exception was taken to this instruction. Before an instruction of the trial court can be presented to this court for review on appeal, exceptions to the giving thereof must be taken in the trial court at the time it was given, and such exceptions saved by a motion for a new trial, in which such alleged error is assigned as a ground for a new trial. *Dunlap v. Flowers,* 21 Okla. 600, 96 Pac. 643; *Boyd et al. v. Bryan,* 11 Okla. 56, 65 Pac. 940.

By several other assignments, plaintiffs in error complain of the court's refusal to give instructions requested by them, or of the giving of instructions to which they excepted; but they have been content in their brief merely to set out such instructions and state that they complain thereof as prejudicial error, without attempting to point out what parts of said instructions are erroneous, or wherein they do not correctly state the law, and without supporting their contention with either argument or citation of authorities. These assignments, therefore, will not be considered. *Boyd v. Bryan,* 11 Okla. 56, 65 Pac. 940.

Plaintiff was permitted to testify that shortly after the trade was made he made a trip to Missouri to inspect the land, and that the expense of such trip was $25. It is insisted that the introduction of this evidence was error, for the reason that

such expense constitutes no element of plaintiff's damages. Assuming, without deciding, that this evidence was inadmissible, no prejudicial error could have resulted, for the reason that the court, by its instructions, limited plaintiff's damages to the value of his farm at the time the exchange was made.

Complaint is made of the admission of other testimony, and of the rejection of certain testimony; but it appears that these contentions are either without any merit, or that they were without prejudice to the substantial rights of plaintiffs in error.

Nor can their contention that the verdict is excessive be sustained. This contention they make upon the ground that there was no evidence to show what the value of the farm in Missouri would have been, if it had been as represented by Shuler, at the time the exchange was made, but the case was not submitted to the jury upon the theory that the measure of plaintiff's damages was the difference betwen the value of the Missouri farm and what its value would have been in the condition it was represented to be by Shuler, but upon the theory that the measure of his damages was the value of plaintiff's farm in Roger Mills county; and no objection was made to the instruction submitting the case upon this theory, and there is ample evidence to support the verdict in the amount of damages assessed upon this theory, for the evidence as to the value of plaintiff's farm in Roger Mills county varies from $2,000 to $3,000. Plaintiffs in error cannot stand by and permit their case to be submitted to the jury upon one theory without objection and then, after the verdict and judgment of the trial court has gone against them, try to prevail on a different theory in this court. *Harris v. First Nat. Bank of Bokchito,* 21 Okla. 189, 95 Pac. 781; *Border v. Carrabine,* 24 Okla. 609, 104 Pac. 906; *Duffey v. Scientific Amer. Compil. Dept.,* 30 Okla. 742, 120 Pac. 1088.

Finding no error in the record requiring a reversal of the cause as to plaintiff in error C. E. Shuler, the judgment of the trial court as to him is affirmed; but the judgment as to plaintiff in error Emma E. Shuler is reversed.

All the Justices concur, except WILLIAMS, J., not participating.