## GUNN v. JONES.

No. 8345—Opinion Filed Dec. 11, 1917.

(169 Pac. 895.)

1. **Appeal and Error—Theory of Case.**

A party bringing or defending an action is required to frame his pleadings in accord with some definite or certain theory, and the relief to which he claims to be entitled must be in accord therewith. On appeal he is bound by the position and theory assumed, and on which the case was heard in the trial court.

2. **Indians — Lease — Defenses—Directed Verdict.**

The record in this case examined, and held that upon the theory of the defense the trial court did not commit error in instructing the jury to return a verdict in favor of the plaintiff below.

(Syllabus by Hooker, C.)

Error from District Court, Kay County; W. M. Bowles, Judge.

Action of forcible detainer by J. A. Jones against William Gunn. Judgment for plaintiff, and defendant brings error. Affirmed.

J. E. Burns and W. B. Clark, for plaintiff in error.

Johnston, Robinson & Rice, for defendant in error.

Opinion by HOOKER, C. This is a forcible detainer action. Judgment was had for plaintiff below, and defendant below appealed here.

The record discloses that in 1909 Gunn procured a five-year lease upon the allotment involved, which lease expired on August 1, 1914. Before the expiration of said lease, and on January 10, 1914, this allotment was offered for sale by the government in the usual and proper way, and one Stone purchased the same and in due time

obtained a deed therefor. A few days after the sale on January 10, 1914, Gunn endeavored to lease this property from the allottee for five years at a yearly rental of $120, payable semi-annually, and he paid the Indian $150 bonus to induce her to refuse the sale and to execute a new lease. She accepted the money and did sign a lease to him; but the same was never approved by the agency or the department, and the sale was subsequently ratified by the Indian and the $150 returned to him. Gunn never procured the approval of his new lease by the Indian Department, nor did he comply with the rules and regulations necessary for him to do so by furnishing bond, etc., and, as stated, when the property was sold, he accepted the money he had paid to the allottee to induce her to sign the lease.

Stone conveyed this property to Jones in a few months after the sale to him and before August 1, 1914, the day the old lease expired thereon. About September 1, 1914, Gunn approached Jones and attempted to pay to him the sum of $60, the semi-annual rent due under the lease that he tried to make with the allotee, but Jones declined to accept the same or to recognize the validity of this lease. Several attempts were made by Gunn to get Jones to accept the rentals under the new lease, but he always refused to do so and denied its validity.

Finally Jones leased the property to another and about April 1, 1915, gave Gunn notice to vacate and then instituted this action to dispossess him. The cause was tried in the justice court and judgment had by Jones, and an appeal was taken to the district court, and upon the trial there Gunn defended upon the sole theory that he had a valid lease upon the allotment from the Indian, and that Jones had recognized the same and by his conduct and acts had permitted him to remain upon the property from August 1, 1914, until April, 1915, under the belief that he (Gunn) would be permitted to occupy the property under the conditions of the new lease with the allottee. The trial court, after the evidence was heard, instructed the jury to return a verdict for Jones. If there is any evidence, or any inference to be drawn therefrom, which would support plaintiff in error's defense, this was error. It must be remembered that the defense was that Gunn had a valid lease from the allottee, and that Jones had signified his recognition and approval of said lease. This evidence does not support such a contention, but, upon the contrary, affirmatively shows that Gunn did not have a lease from the allottee which entitled him to occupy the premises, and that he remained thereon in an attempt to hold the same under the attempted lease, and not by permission of Jones, nor by any act or inducement upon his part. The defense of the plaintiff in error must be considered here upon the same theory as presented below. Herbert v. Wagg et al., 27 Okla. 674, 117 Pac. 209; Shuler v. Collins, 40 Okla. 126, 136 Pac. 752; Turley v. Feebeck, 38 Okla. 257, 132 Pac. 889; Horne v. Bank, 42 Okla. 37, 139 Pac. 992.

The judgment is affirmed.

By the Court: It is so ordered.