## GOLDSTANDT v. GOLDSTANDT.

No. 14749—Opinion Filed May 7, 1924.

Rehearing Denied Sept. 16, 1924.

(Syllabus.)

1. **Appeal and Error—Defective Brief—Review.**

"Assignments of error presented by counsel in their brief, if unsupported by authority or argument, will not be noticed by the court, unless it is apparent without further research that they are well taken." Hatcher et al. v. Roberson et al., 63 Okla. 296, 164 Pac. 1141.

2. **Appeal and Error—Change of Theory of Case.**

"Where a defendant relies upon a certain defense in the trial court, he will not be permitted to shift his ground of defense on appeal so as to present other defenses not presented nor relied upon in the trial court." Duffey v. Scientific American Compiling Dept., 30 Okla. 742, 120 Pac. 1088.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Contempt proceedings by Nora J. Goldstandt against Fred S. Goldstandt for noncompliance with divorce decree. Judgment for the former, and the latter brings error. Affirmed.

Edward Spiers and Snyder, Owen & Lybrand, for plaintiff in error.

· Ned Looney and Warren K. Snyder, for defendant in error.

LYDICK, J. In the district court of Oklahoma county, Nora Goldstandt obtained a judgment against her husband, Fred S. Goldstandt, for a decree of divorce, the custody of their minor child, a settlement of their property rights, and that he should pay her the sum of $400 per month "for her maintenance and support and the support of their minor child" in accordance with a written agreement between the parties as to such payments. After making such monthly payments for a time, the husband made default therein. In order to enforce said judgment against him, she brought him before the same district court at a later term thereof in proceedings instituted by her in said same case to have him adjudged guilty of civil contempt for such default. In response to the court's order for him to show cause why he should not be so adjudged guilty of civil contempt and proceeded against accordingly, he made a showing of causes in writing clearly and definitely urging two, and only two alleged causes, to wit: First, he pleaded that the court had no jurisdiction to entertain such proceedings against him, assigning as the sole reason for this contention the fact that the judgment for divorce and the payment of such money was rendered at a former term of that court; second, he pleaded that the judgment sought to be enforced against him was void. This second ground is stated in the following language:

"That in so far as the said journal entry of judgment and said judgments purports or attempts to order or decree that the defendant keep and perform the agreement attached to such · journal entry in respect of that part thereof respecting the payment of any sum to Mary Jane Goldstandt for her sole use and benefit on the first day of each month for an indefinite period and for an indefinite sum, the same is void, was without the power or authority of the court to make at the time the same was made, and is now without the power or authority of the court to enforce either by contempt proceedings or otherwise."

It is difficult to know whether the words "an indefinite period and for an indefinite sum" were used merely to identify the part of the judgment alleged to be void or whether it was intended thereby to state the facts constituting the reasons why said judgment should be held to be void. If this language be construed as merely identifying the judgment, then this plea constitutes merely an averment of illegality, a bald conclusion, without stating facts upon which it is based, and as a matter of law it presents no issue and evidence thereunder was inadmissible. See Leforce v. Haymes, 25 Okla. 190, 105 Pac. 646. We believe the language should be thus construed. If the language used be treated as stating the facts, and

reasons why it is claimed that the judgment is void, then we must confine the defendant to the theory therein stated, to wit, that the judgment is void only because the sum to be paid is indefinite, and so we will do. This complaint goes to the third essential element of jurisdiction, to wit, the judicial power to render the particular judgment. He made no denial of his default in making such payments, and did not assert his inability to comply with the order, and made no allegations that the payments adjudged were unneeded, excessive, or for any reason unjust. The defendant stood before the lower court only upon the hard and technical letter of the law, and this, of course, he had the right to do. His objections were overruled. He declined to plead further.

In the trial of the case in the lower court, he presented no theories or causes, except the two above noted. and under the issues as he himself had framed them in response to the order of the lower court for him to show cause, these two theories were all he had the right to present. Evidence was heard on behalf of the plaintiff alone, but the defendant, by cross-examination, elicited statements the purpose of which we cannot know under the state of the pleadings in the court below. The lower court found the defendant guilty of contempt as charged and committed him to jail until he should make the payments in which he was in default. He brings the case here on appeal with case-made attached to his petition in error. We refer to the wife as plaintiff and to the husband as defendant.

It is the duty of the court here to consider and review the actions and judgment of the lower court in its disposition of these two defenses and theories urged by the defendant in the lower court as causes why he should not have been adjudged guilty of civil contempt.

The first cause, defense, and theory presented to the lower court was that the lapse of the term of court, when the judgment for alimony was rendered, deprived the court at the next term of jurisdiction to try the proceedings instituted against him for contempt. The theory has been abandoned in this court, as well it may have been, for it is wholly without merit. The second cause, defense, and theory presented in the lower court is that the judgment of the court in the original action is void, because the judgment was for an indefinite sum. We are not inclined to agree with this contention, as it seems to be in conflict with the theory of law on the subject running through the former de-

cisions of this court. In the defendant's brief and in relation to this point, we find but slight reference, and the language there used does not arise to the dignity or importance of argument. No authorities are quoted in the brief which even tend to support such a theory under our law. Rule 26 of this court (87 Okla. xxiii) is not satisfied, and this contention is therefore denied. See Hatcher v. Roberson, 63 Okla. 296, 164 Pac. 1141; Chestnut & Smith v. Lynch, 84 Okla. 199, 202 Pac. 1018.

This disposes of all the theories and defenses presented by the defendant in the lower court and the judgment of the lower court, it seems, should therefore be affirmed. It is true that in the exhaustive briefs the plaintiff in error here urges other theories which were not presented in the trial of the case in the court below. This is a civil action. Unless the new matters presented here go to the jurisdiction of the lower court in rendering the judgment finding the defendant guilty of contempt, such matters cannot be considered here. Gunn v. Jones, 66 Okla. 321, 169 Pac. 895; St. L. & S. F. Ry. Co. v. Key, 28 Okla. 769, 115 Pac. 875; St. L. & S. F. Ry. Co. v. Holt, 28 Okla 772, 115 Pac. 876; Duffey v. Scientific American Compiling Dept., 30 Okla. 742, 120 Pac. 1088; Westlake v. Cooper, 69 Okla. 212, 171 Pac. 859. See title Appeal and Error, paragraphs 76-80, Complete Oklahoma Digest.

One of the theories presented by the defendant here is that the judgment for alimony is void, because he himself was guilty of illegal and wrongful acts in conspiring with his wife to have a decree rendered against him for divorce and alimony. It is true that the contempt proceedings were filed as by law required in the original action, where there was rendered the judgment for divorce and alimony. The proceedings for contempt constitute a quasi independent proceeding in the same action where the judgment for divorce and alimony was rendered. The judgment for divorce and alimony had become final, and in defending against contempt proceedings, although they be instituted in the same original action, the defendant will not be heard to challenge the validity of the judgment for divorce and alimony except on the ground that the said judgment is void for want of jurisdiction. Such an attack is indirect and collateral. He therefore could not have been heard to urge such defense, even in the lower court. It was not presented there and is not available here.

In this court the defendant urges this additional theory, that the judgment for monthly payments is merely one adjusting

property rights, and, strictly speaking, is not a decree for alimony, but a mere judgment for an ordinary debt, and therefore cannot be enforced by contempt proceedings. We are not inclined to agree with this interpretation of the judgment. The suggestion certainly does not go to the jurisdiction of the lower court in rendering the judgment finding the defendant guilty of contempt, and as this theory was not presented to the lower court, it is not available here.

The plaintiff in error also urges here that the original judgment for alimony is void because, he says, it does not appear that that the court allowed and provided for this alimony "out of the husband's real and personal property", "having due regard to the value of his real and personal estate at the time of said divorce," as is provided in section 508, Comp. Stat. 1921. He says the alimony allowed is not in accordance with such statute and that the court has no inherent power and no right by virtue of the common law to grant the plaintiff alimony, except as is specifically authorized by statute, and that therefore the judgment of the court for alimony is void. From an examination of the judgment granting this divorce and alimony, it appears that the lower court, for aught that appears on the record, may have followed this very theory, and having heard evidence as to the property of the defendant and with due regard for the value thereof, may have determined and accordingly adjudged that the monthly payments for this indefinite period could well be paid from such real and personal property of the husband. Indulging every possible presumption in favor of the court's findings and judgment in that original action, as under the law we must do, it does not appear that the contention of the plaintiff in error here is even well founded in fact. There is some vague suggestion of this theory contained in paragraph 7 of the defendant's motion for new trial filed in the lower court, but it is too indefinitely stated to sufficiently present this theory. The defendant in this court on appeal comes under the ban of the rule, unless the theory urged here was presented to the lower court in the trial of the case, and not merely in a motion for new trial filed in that court. This matter does not go to the jurisdiction of the court in the trial of the contempt proceeding and, not having been presented in the lower court, is not available here. The lower court must be given an opportunity to function in regard to the theories of both plaintiff and defendant, as was said by this court in Gunn v. Jones, 66 Okla. 321, 169 Pac. 895:

"A party bringing or defending an action is required to frame his pleadings in accord with some definite or certain theory, and the relief to which he claims to be entitled must be in accord therewith. On appeal he is bound by the position and theory assumed, and on which the case was heard in the trial court."

In the case of Duffey v. Scientific American Compiling Dept., 30 Okla. 742, 120 Pac. 1088, this court said:

"Where a defendant relies upon a certain defense in the trial court, he will not be permitted to shift his ground of defense on appeal so as to present other defenses not presented nor relied upon in the trial court."

The fact that the defendant in the court below by cross-examination of the plaintiff's witnesses, elicited some statements which might relate to the new theory presented here will not bring him from under the ban of the rule, when his pleadings in the lower court were filed in writing and clearly do not include the new theory advanced here. It is not fair to the lower court nor to a litigant's adversary that he be permitted to conceal during the trial in the lower court the theory of law on which he relies for a defense and bring his adversary here with great delay and expense to contest a theory not disclosed in the lower court. Litigation takes on a serious aspect in the lower court. This court on appeal is concerned primarily in correcting erroneous conclusions of the lower court made on matters to it presented.

We have carefully considered the defendant's contentions that the asserted rights of his cast-off wife and neglected child are not valid when measured by the letter of the law, and in so doing we have concluded that by a similar application of the letter of the law and the rules of this court his own defenses are not properly before us for consideration, and in fact and in their last and sound analysis are insufficient. The judgment of the lower court is affirmed.

JOHNSON, C. J., and HARRISON, WARREN, and GORDON, JJ., concur.