**FAST v. GILBERT et al.**

No. 14772—Opinion Filed June 24, 1924.

Rehearing Denied Sept. 30, 1924.

(Syllabus.)

1. **Deeds — Action to Cancel — Burden of Proof—Erroneous Instruction.**

Where a deed of conveyance is regular on its face, and bears the signature of the grantors and the regular certificate of acknowledgment signed and sealed by a notary public of this state, it is error, upon the trial of a suit by grantors to set aside such a deed on the ground of forgery of their names, to instruct the jury simply that in order to recover, grantors must prove the allegations of their petition by a preponderance of the evidence.

**2. Acknowledgment — Impeachment of Certificate—Sufficiency of Evidence.**

The evidence to impeach a certificate of acknowledgment should be clear, cogent and convincing, and such as produces a conviction amounting to a moral certainty that the certificate is false. Dyal v. Norton, 47 Okla. 794, 150 Pac. 703.

**3. Appeal and Error—Review—Questions not Presented at Trial.**

Parties will not be permitted to argue in this court, for the first time, questions not raised in the trial court by the pleadings.

Error from District Court, Custer County; Thomas A. Edwards, Judge.

Action by Albert Gilbert and another against G. G. Fast. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

T. W. Jones, Jr., for plaintiff in error.

A. J. Welch, for defendants in error.

GORDON, J. This action was begun in the district court of Custer county, Okla. After amended petition filed, there was answer and reply, and on March 1, 1923, defendants in error, plaintiffs below, filed motion to transfer the cause from the district court to the superior court of Custer county. On March 3, 1923, the papers were filed in the superior court of Custer county, and on April 12, 1923, the cause came regularly on for trial. Both parties appeared and without objection to the jurisdiction of the court proceeded to introduce their evidence. The jury returned a verdict in favor of plaintiffs below. The motion for new trial was overruled, exceptions taken, notice of appeal given; and the case is now here for review upon appeal. The parties, for convenience, will be designated as in the trial court.

This was an action by the plaintiffs, Albert Gilbert and Ella Gilbert, to quiet title to 16 acres of land. Plaintiffs alleged that they were husband and wife; that the land in question was their homestead; that they owned the land by virtue of patent issued to plaintiff Albert Gilbert by the President of the United States on June 16, 1922. They allege that the defendant, G. G. Fast, claims to hold a deed from plaintiffs bearing date of June 30, 1922; that said deed was of record, and they attach a copy of the deed to their petition. They allege that they never executed the deed and never acknowledged the same. That if the deed bears the signature of plaintiffs, the instrument is a forgery, and if the same bears the genuine signatures of plaintiffs, such signatures were procured by fraud, and for that reason the deed is void.

In his answer, defendant admits that he holds the deed set out in plaintiffs' petition; alleges that the deed is good and valid and bears the genuine signatures of the plaintiffs, and prays that title be quieted in him.

In their reply plaintiffs allege again the invalidity of the deed; that the same was never acknowledged; that it was procured by fraud and was without consideration.

At the trial, plaintiffs, in their evidence in chief, introduced as witnesses only the two plaintiffs themselves, who testified that they had never had any conversation with the defendant nor with any agent of the defendant about selling the land in question to the defendant. That they had never signed the deed which was of record and had never appeared before the notary public to acknowledge same, and had never acknowledged it. They testify that at some time about the date of the deed in question they had certain dealings with a man by the name of John Salaska, from whom they had borrowed $15. That he, sitting in his car, had presented to them what he said was a note for their signature, that they had signed the note. That he kept the paper covered up so they could not see what they were signing. But there is nothing to show that the paper so signed was the deed in question here. Having introduced these witnesses, with no other corroborating testimony, plaintiffs rested.

The defendant demurred to the testimony of the plaintiffs, and this demurrer was by the court overruled and exceptions saved by the defendant. The ruling of the court upon this demurrer to the evidence, and the exception thereto, was saved in the motion for new trial and is brought forward in the assignments of error here.

By this state of the record we have presented squarely the question whether the uncorroborated testimony of the grantors, in an action to quiet title, is sufficient to overcome a certificate of acknowledgment of a notary public to a conveyance regular on its face. When plaintiffs rested, there was nothing in the record against the deed and the presumption of its execution arising from the acknowledgment except the bare testimony of the plaintiffs that they had not signed or acknowledged the deed and had received no consideration.

In the case of Garber et al. v. Hauser et al., 76 Okla. 292, 185 Pac. 436, in an opinion

by Justice McNeill, this court has said in the second paragraph of the syllabus as follows:

"The general rule is that the unsupported or uncorroborated testimony of the grantor is not sufficient to overcome the certificate of acknowledgment of the notary public to a conveyance regular on its face, especially when the certificate is supported by the testimony of the officer who took the acknowledgment, or by other competent evidence, but such testimony may be sufficient if, in view of the circumstances and probability of the particular case, it produces a condition amounting to a moral certainty that the certificate is false."

In Dyal v. Norton, 47 Okla. 794, 150 Pac. 703, paragraph 4 of the syllabus is as follows:

"The evidence to impeach a certificate of acknowledgment should be clear, cogent, and convincing, and such as produces a conviction amounting to a moral certainty that the certificate is false."

In the body of the opinion in this case, which is an opinion by Justice Hardy, and on pages 800, 801, we find quoted with approval the law upon this proposition as laid down in 1 C. J. 899. The quotation is as follows:

"It is very generally held that the unsupported and uncorroborated testimony of the grantor is not sufficient to overcome a certificate regular on its face, especially where the certificate is supported by the testimony of the officer who took the acknowledgment or by other competent evidence. There are, however, cases lending support to the view that the testimony of the grantor may suffice, if, in view of the circumstances and probabilities of the particular case, it produces a conviction amounting to a moral certainty that the certificate is false."

In the case of Pittsburg Coal & Mining Co. v. Wright et al., decided June 3, 1924, Vol. 29, page 66, O. A. C. R., June 6, 1924 (not yet officially reported), in an opinion by Shackleford, Commissioner, we find the first paragraph of the syllabus to read as follows:

"The general rule is that the unsupported or uncorroborated testimony of the grantor is not sufficient to overcome the certificate of acknowledgment of a notary public to a conveyance regular on its face."

This syllabus is taken from the case of Garber et al. v. Hauser et al., 76 Okla. 292, 185 Pac. 436, but it is only a portion of the second paragraph of the syllabus in the last named case. We take it, therefore, that the rule now is that the testimony of the grantors standing alone is not sufficient to overcome the certificate of acknowledgment of a notary public to a conveyance regular on its face, unless from this testimony of the grantors there may be fairly deduced facts which render it morally certain that the certificate is false.

After the conclusion of plaintiff's evidence, defendant introduced the notary public whose certificate appears upon the deed in question This notary was cashier of the Liberty National Bank and had been such since the year 1904. He testified that the two Indians came before him with John Salaska; that he inquired of them particularly whether they had signed the instrument and whether they understood it, and if it was their act. That they answered that they had signed the instrument, that it was their deed, and thereupon he placed his signature of acknowledgment thereon. This deed was recorded several days after the acknowledgment was taken.

In a given case, from the testimony of the grantors themselves, there might appear facts and circumstances sufficient to convince a jury or a trial court to a moral certainty that the certificate of the notary is false. From such testimony it might be made clearly to appear, from the character and practices of the notary himself, that a certificate bearing his signature and seal would not be entitled to that weight and credit due to the ordinary certificate. In view of the fact that this case must be reversed and remanded, we do not feel at liberty at this time to express an opinion upon the sufficiency of the evidence in this case at the time the demurrer thereto was interposed to sustain a verdict in favor of the plaintiffs. Upon another trial the court and jury will have before them the rules here laid down and the testimony will be considered in the light thereof.

On behalf of the defendant, the notary public whose certificate appears upon the deed in question here was introduced as a witness, and the party who took this deed on behalf of the defendant, acting as defendant's agent, was also introduced. The defendant himself, grantee in the deed, was not introduced, and it was not made apparent that the testimony of the grantee was unobtainable. Under the rule that where evidence material to the issues is within the power of a party to the cause and such evidence is not produced and no explanation made as to the failure to produce the same, such circumstance will be taken and held against such party. In cases of this kind, where the solemn certifi-

cate of an official is attacked, it is fitting that all the evidence surrounding the transaction should come before the court and nothing should be concealed. When this is done, it is the policy of our court to uphold such a certificate unless the evidence is such as to convince to a moral certainty that the same is false. In view of the testimony of the notary and of grantee's agent, the failure of grantee to testify is not of great weight here.

In the trial of this cause, the court treated it as one of simple fraud and gave no consideration to the rules herein above quoted touching presumption in favor of the validity of the notary's certificate. There is nowhere in the instructions any statement or attempted statement touching the weight to be given to the certificate nor defining to the jury what testimony is necessary to overturn such certificate. Instruction No. 5 is as follows:

"You are instructed that if you find and believe from the evidence that the instrument purporting to be a deed, introduced in evidence in this case, was not signed and delivered by the plaintiffs with the knowledge and understanding on their part that the instrument was a deed conveying to the defendant the real estate involved in this action, then the purported deed would be invalid and would not convey any title to the real estate."

The giving of this instruction without qualification was error. The general rule as outlined in the cases herein quoted should have been given. Instruction No. 8 is as follows:

"You are instructed that if you find and believe from the evidence that the plaintiffs signed and delivered the instrument purporting to be a deed to G. G. Fast, with the knowledge and understanding that the same was a conveyance of the real estate in question and that no consideration for said deed was at the time paid to the plaintiffs, nor has since been paid to the plaintiffs, then the plaintiffs would be entitled to cancel said deed, and your verdict should be for the plaintiffs."

This instruction is upon an issue not raised by the pleadings. The petition relies solely upon forgery in the first place and fraud and artifice in obtaining the signature in the second place. It is only in the reply of plaintiffs that a lack of consideration is mentioned. As was said in Garber et al. v. Hauser et al., 76 Okla. 292, on page 294 of the opinion:

"The question as to whether the dollar consideration mentioned in the lease was paid or not would be immaterial in this action to cancel the lease, as there is no ground of fraud alleged; that the lease was secured by fraud in not paying the consideration mentioned in the lease would not be sufficient grounds to cancel the lease, but might support an assignment for money due and owing."

If the grantee had here failed to pay the consideration expressed in the deed, action would lie to recover the amount, but the failure would not necessarily affect the deed.

The defendant in this case has in his brief devoted much time to the discussion of the constitutionality of the act of our Legislature creating superior courts as found in chapter 26 of the Session Laws of Oklahoma, 1923, and defendants in error have also filed a separate brief upon this question. The papers in this cause were upon motion, as provided in said act, sent to the superior court of Custer county. Defendant voluntarily appeared in that court and without objecting to the forum proceeded to try his cause, and upon verdict and judgment rendered against him comes into this court with the prayer that the judgment of the trial court be reversed and the cause remanded with directions to grant a new trial either in the district court of Custer county or in the superior court of Custer county. The issue of the constitutionality of this act cannot be raised for the first time in the briefs of the parties where no proper pleadings to test this question were filed in the trial court and the parties voluntarily proceeded to trial in the forum provided without objection. Parties will not be permitted to interject new issues in this court which were not raised nor argued in the trial court. United States Fidelity & Guaranty Co. v. Harmon et al., 92 Okla. 167, 218 Pac. 682; Duffey v. Scientific American Compiling Department, 30 Okla. 742, 120 Pac. 1088; Goldstandt v. Goldstandt, 102 Okla. 218.

The judgment of the trial court is therefore reversed, and the cause remanded to the superior court of Custer county, with directions to grant a new trial herein and for further proceedings in conformity with the views herein expressed.

McNEILL, V. C. J., and NICHOLSON, BRANSON, WARREN, and HARRISON, JJ., concur.