Note.—See under (1) Workmen's Compensation Acts C. J. p. 122. § 127; anno. L. R. A. 1917D. 186: 28 R. C. L. pp. 827-829; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1871; 5 R. C. L. Supp. p. 1580. (2) Workmen's Compensation Acts, C. J. p. 67, § 56; anno. L. R. A. 1916A, 290; L. R. A. 1917D, 113; L. R. A. 1918F, 872; 6 A. L. R. 1466; 23 A. L. R. 335; 29 A. L. R. 691; 28 R. C. 795: 3 R. C. L. Supp. p. 1595; 4 R. C. L. Supp. p. 1855; 5 R. C. L. Supp. p. 1566.

---

**BEATTY et al. v. BEATTY et al.**

No. 13216—Opinion Filed Dec. 15, 1925.

Rehearing Denied Jan. 12, 1926.

(Syllabus.)

**1. Appeal and Error — Theory of Case — Change Not Permitted.**

A party who has presented his cause of defense to the trial court upon a certain theory is bound thereby throughout the subsequent stages of the cause, and on appeal he is bound by the position and theory of his defense as assumed in the trial court.

**2. Judgment—Nature of Partition Suit by Heirs Who Had no Notice of Decree of Distribution in Probate Court.**

A suit in partition by heirs at law of a decedent against other heirs to whom the estate has been distributed by decree of the probate court in proceedings to which the complainants in the partition suit were not parties and of which they had no notice and in which the defendants in the partition suit represented to the probate court that they were the only heirs of the decedent, thus perpetrating a fraud upon the court, is, strictly speaking, neither a direct attack nor collateral attack on the judgment of the county court, but is a proceeding in equity because of fraud extrinsic to the issues which prevented complaining parties from having a fair hearing.

**3. Same — Application for Ejectment not Necessary—Lack of Adverse Possession.**

In such proceeding in equity for partition it is unnecessary to join an application for ejectment, where it does not clearly appear that the defendants in the partition suit are holding adversely to the complainants.

**4. Same—Sufficiency of Evidence.**

Record examined in instant case, and held to support the finding of the trial court that defendants were not holding adversely.

Appeal from District Court, Lincoln County; Hal Johnson, Judge.

Action by Ethel Beatty and others against S. W. Beatty and others. From the judgment, defendants appeal. Affirmed.

Erwin & Erwin, for plaintiffs in error.

Cox & Cox and Anglea & Crabb, for defendants in error.

HUNT, J. This case presents error from the district court of Lincoln county. S. W. Beatty, Sr., died intestate in Lincoln county on the 5th day of May, 1913, leaving an estate consisting principally of real estate in Lincoln county described as the northwest quarter of section 33, township 15 north, range 2 east, being the property involved in this appeal, and leaving as his heirs at law —— Beatty, his wife, S. W. Beatty, Jr., a son, Laura Bradley, a daughter, Sadie White, a daughter, Lelia Berry, a daughter, and Ethel Beatty, Lula Stewart, and Matthew Beatty, grandchildren, being the children of his deceased son, Jeff Beatty. That —— Beatty, wife of S. W. Beatty, deceased, died intestate in November, 1916. S. W. Beatty, Jr., was appointed administrator of the estate of his father by the county court of Lincoln county on the 28th day of January. 1918. Prior to his appointment as administrator, and at all times subsequent to the death of his father, said S. W. Beatty, Jr., was in possession of the real estate involved herein and collected the rents and profits therefrom. No notice of the application for his appointment as administrator was served on the plaintiffs herein, and their names were not included as heirs of the deceased in the petition for letters of administration filed in the county court of Lincoln county. The order for hearing the petition provided that notice should be given by posting or publishing notices according to law

and by mailing same to the heirs resident in this state, and in accordance therewith notice was given to the heirs named in the petition by mailing copy of the notice of the hearing, as shown by the affidavit of one J. C. Heer, and by posting in Lincoln county, as shown by the affidavit of one G. W. Schlegel.

Subsequent to his appointment as administrator, said S. W. Beatty, Jr., filed his inventory and appraisement of estate and final account as administrator and his petition to determine heirs and to settle final account, in which he stated that Laura Bradley, S. W. Beatty, Jr., Sadie White, and Lela Berry, being the same persons named as heirs in his application for appointment as administrator, were the only heirs of S. W. Beatty, deceased, and praying that they be so determined by the county court of Lincoln county, and that the estate of said S. W. Beatty, deceased, be distributed and assigned to them according to their respective interests. The only notice of the hearing on said petition for determination of heirs and final distribution was by publication in the Chandler News-Publicist for two successive weeks, and on the 2nd day of July, 1918, final decree was entered in accordance with the prayer of said petition, decreeing said Laura Bradley, S. W. Beatty, Jr., Sadie White, and Lela Berry as the only heirs at law of S. W. Beatty, deceased, and distributing to each of said parties an undivided one-fourth interest in the land here in question.

On August 16, 1920, the petition in the instant case was filed in the district court of Lincoln county by Ethel Beatty, Ella Estil, and Lula Stewart, alleging that they were heirs at law of S. W. Beatty, deceased, and as such entitled to share in the distribution of his estate, and praying that the land involved herein be partitioned and that the respective interests of plaintiffs and defendants be decreed as set out in the petition.

Upon trial of the case to the court, the court found that plaintiff Ethel Beatty, now Ethel Ballard, plaintiff Lula Stewart, and defendant Matthew Beatty were each entitled to a one-fifteenth interest in said land as children of Jeff Beatty, deceased, and grandchildren of the said S. W. Beatty, deceased, and that the plaintiff Ella Estil, as the widow of said Jeff Beatty, deceased, was not entitled to inherit any part of said estate, and that the remaining interests in said land were owned by the other defendants. The court further found that the land should be divided between the parties en-

titled thereto according to their respective interests, and appointed commmissioners to make a division and partition. The court further found that all the parties, both plaintiffs and defendants, except Ella Estil, were heirs were thesame as her deceased husband's that the land involved herein was the homestead of S. W. Beatty, deceased, and that — Beatty, his widow, continued to use, occupy, and possess the same as her homestead until her death in November, 1916, and that her heirs were the same as her deceased husband's. The court further found that the county court of Lincoln county had theretofore administered upon said estate, and that there were no debts or claims outstanding against the estate of said S. W. Beatty, deceased, except a balance due the defendant S. W. Beatty for advancements made. The court further found that the estate of S. W. Beatty, deceased, was probated in the county court of Lincoln county, state of Oklahoma, and a decree entered in said proceedings finding the heirs of said S. W. Beatty, deceased, to be Laura Bradley, S. W. Beatty, Jr., Sadie White, and Lela Berry. The court further found that said proceedings so had in said county court and said decree so rendered in said proceedings were and are null and void and of no effect, for the reason that plaintiffs to this action, Ethel Beatty and Lula Stewart, and the defendant Matthew Beatty were not made parties thereto and had no notice thereof, and for the further reason that said proceedings were fraudulent, and that said final decree was fraudulently obtained by reason of fraud practiced upon the court and the judge thereof. That said S. W. Beatty, defendant herein, who was the petitioner in said county court proceedings, fraudulently represented and stated to the court in his petition that he, the said S. W. Beatty, Laura Bradley, Sadie White, and Lela Berry were the only heirs of S. W. Beatty, deceased.

The court further found generally in favor of the defendant S. W. Beatty as to damages, for rents, and found there was nothing due the plaintiffs from said defendant therefor. The court also taxed as costs an attorney fee in the sum of $250 in favor of Roscoe Cox, plaintiffs' attorney, and made same a lien against the interests of all the parties in this action, and further allowed $200 attorney fee to Erwin & Erwin, attorneys for defendants, and made same a lien only upon the interests of said defendants. Separate motions for new trial were filed, and overruled, and exceptions saved, and judgment was entered in accordance with the findings

of the court, as hereinbefore set out, and it is from this judgment that this appeal is prosecuted by the defendants, who appear here as plaintiffs in error.

For convenience the parties will be referred to as they appeared in the lower court.

Some 23 assignments of error are contained in the petition in error filed herein, which we think may be fully considered and determined upon two general assignments. First: That this suit was not begun until the 16th day of August, 1920, which was more than two years after the final decree was entered in the county court, and that the action was therefore barred by the statute of limitations. Second: That the judgment of the county court cannot be collaterally attacked in a partition suit.

Plaintiffs in error devote some several pages of their brief to the proposition that the action of plaintiffs was barred by the statute of limitations, but a careful and thorough examination of the record discloses that this question was not raised in the trial court. It is well settled in this state that:

"Limitation is a matter of defense, and only explicit allegations, showing directly that limitations have run, render a petition demurrable; the question otherwise being raised by proper pleadings or answer." Wray v. Howard et al., 79 Okla. 223, 192 Pac. 584.

The record in this case shows that the defendants demurred to plaintiffs' petition, but did not attempt to raise the question of limitations by said demurrer, and at the time same was filed, the judgment which defendants now contend was rendered more than two years prior to institution of this suit, and from the date of which the statute of limitations began to run, had not been pleaded, said judgment being called to the attention of the court for the first time in defendants' answer in a plea of res adjudicata as follows:

"That by reason of such facts, the rights of the parties hereto have been fully adjudicated and the issues herein determined."

This court has consistently held that matters not presented to the trial court, but presented for the first time in this court on appeal, will not be considered. Nowhere in the pleadings in the lower court nor in the petition in error in this court is it suggested that this action is barred by the statute of limitations, it being presented for the first time in the brief filed by plaintiffs in error in this court.

In Fuhring v. Chicago, R. I. & P. Ry. Co., 97 Okla. 43, 222 Pac. 690, the first paragraph of the syllabus is as follows:

"Where a party has tried his case and submitted the same upon one theory, if the verdict and judgment of the trial court are against him, he will not be permitted to submit his cause on a different theory in this court."

In the case of Morgan v. Stevens, 101 Okla. 116, 223 Pac. 365, the fourth paragraph of the syllabus states:

"A party will not be permitted to try his case in the Supreme Court on a different theory from that on which the case was tried in the trial court."

In Goldstandt v. Goldstandt, 102 Okla. 218, 228 Pac. 770, the second paragraph of the syllabus is:

"Where a defendant relies upon a certain defense in the trial court, he will not be permitted to shift his ground of defense on appeal, so as to present another defense, not presented nor relied upon in the trial court.' Duffey v. Scientific American Compiling Dept., 30 Okla. 742. 120 Pac. 1088."

In the case of Fast v. Gilbert, 102 Okla. 245, 229 Pac. 275, the court held:

"Parties will not be permitted to argue in this court, for the first time, questions not raised in the trial court by the pleadings."

And on page 248 of the opinion the court used this language:

"Parties will not be permitted to interject new issues in this court which were not raised nor argued in the trial court. United States Fidelity & Guaranty Co. v. Harmon et al., 92 Okla. 167, 218 Pac. 682; Duffey v. Scientific American Compiling Department, 30 Okla. 742, 120 Pac. 1088; Goldstandt v. Goldstandt, 102 Okla. 218, 228 Pac. 770."

In vew of these authorities we must hold that the question of limitation is not properly before this court in this appeal, and same will therefore not be considered.

The remaining questions to be determined on this appeal might be summed up in the following question: Were the plaintiffs and defendant Matthew Beatty absolutely precluded from asserting their rights in and to a portion of the estate of their deceased grandfather, S. W. Beatty, Sr., by the decree and judgment of the county court of July 2, 1918, of which they had no notice and to which they were not parties? It is admitted that these claimants were grandchildren of said S. W. Beatty, deceased, being the son and daughters of his deceased son, Jeff Beatty. It is also admitted that they were not parties to the probate proceedings in the county court, and that their

uncle S. W. Beatty, Jr., the administrator herein, never at any time advised the court that they were heirs at law of said deceased, but, on the other hand, alleged in various petitions filed in said court that he and his codefendants herein were the only heirs of said decedent. Of course it was the contention of said administrator and his codefendants that these plaintiffs, even though heirs, had no interest in the land herein involved by reason of an alleged gift causa mortis; but even if they are correct in that contention, these plaintiffs were still, nevertheless, heirs at law of said S. W. Beatty, deceased, as said administrator well knew, and it therefore became his plain duty to list them as such heirs in the proceedings in the county court, and then, as to what, if any, interest they inherited, would be a matter for the determination of the court upon a proper hearing after due notice given, and if after such hearing they should be denied any interest in the estate, such judgment would be final and conclusive, subject only to be reversed, set aside, or modified on appeal.

Plaintiffs in error cite Lucas v. Lucas, 65 Okla. 96, 163 Pac. 943; Homer v. Mc-Curtain, 40 Okla. 409, 138 Pac. 807, and Ward v. County Com'rs, 12 Okla. 267, 70 Pac. 378, in support of their contention that the judgment of the county court of Lincoln county cannot be collaterally attacked in a partition suit. An examination of each of these cases discloses that they are clearly distinguishable from the case at bar. In each instance the parties seeking to attack the judgments were parties to the original proceedings, and in Ward v. County Com'rs, supra, the court used this language:

"The judgment of a probate court is in the nature of a final judgment and is ordinarily conclusive and final unless vacated by appeal, **impeached for fraud,** or set aside by direct proceedings brought for that purpose. The adjudication of the probate court in a matter within its jurisdiction is as conclusive **upon the parties** as is the judgment of the district court, and it should be allowed to stand unless set aside upon appeal or in some direct attack."

These plaintiffs and the defendant Matthew Beatty would certainly have been precluded by said judgment, had they been parties to it and had notice of same, but since they were not made parties and had no notice of the proceedings, they now seek to impeach for fraud, using the language of the opinion above quoted, the judgment of the county court attempting to divest them of their interest in the estate of their deceased grandfather. We can conceive of no clearer case of fraud than appears in this case on the part of the administrator, S. W. Beatty. Being fully aware of the whereabouts of these parties and of their interest in this estate, or at least of the fact that they were heirs, whether he recognized their interest or not, he makes solemn oath that he and his codefendants are the only heirs, and though he was corresponding with Ethel Beatty in April and October, 1917, shortly before the institution of the probate proceedings herein and again shortly after, as shown by the record herein, in November, 1918, early in 1919 and in December, 1919, yet he failed to advise them of the contemplated probate proceedings or to advise the court that these parties were heirs and claimed an interest in said estate, all of which, he well knew, thus perpetrating a fraud, both on the court and the judge thereof and upon these parties.

Plaintiffs in error very properly state in their brief that the fraud relied upon is that S. W. Beatty in the county court proceedings represented that he and his codefendants were the sole heirs of his father, and argue that, this being the pertinent inquiry and important question before the court upon the hearing for a decree of distribution, it was inherent in the issues and concluded by the decree; citing Hollingshed v. Hollingshed, 79 Okla. 292, 193 Pac. 412:

"In a suit to declare a resulting trust, the plaintiff must prove, not that the judgment attacked was erroneous, but that it is a result of mistake or fraud, and it is also well settled that the fraud which would justify the cancellation in an equity suit of the judgment or order of the probate court must be extraneous to the issues, and such as to have prevented the complainant from having a fair hearing."

And also in Driskill v. Quinn, 69 Okla. 77, 170 Pac. 495, the court stated as follows:

"The fraud which will justify the cancellation in an equitable suit of a judgment or order of a probate court must be extraneous to the issues and such as prevented the complaining party from having a fair hearing."

It is very apparent from the record in this case that the fraud complained of prevented the plaintiffs from having a fair hearing—indeed, they had no hearing at all—and that its purpose was to keep the complainants in ignorance of the pendency of the action and thus prevent them from having a trial and presenting their case fully.

In Ross v. Breene, 88 Okla. 36, 211 Pac. 417, this court stated:

"What, then, is meant by the expression 'fraud which is extrinsic or collateral to the matter tried by the court'? It is extrinsic or collateral, within the meaning of the rule, when the effect of it is to prevent the unsuccessful party from having a trial or from presenting his case fully, as, for instance, keeping him away from court by false promise or compromise, or purposely keeping him in ignorance of the pendency of the action."

See, also, U. S. v. Throckmorton, 98 U. S. 61, 25 Law Ed. 93, wherein the court in speaking of extrinsic fraud stated:

"Where a defendant never had knowledge of the suit, being kept in ignorance of the case by the fraudulent acts of plaintiff. * * *"

In McIntosh v. Holtgrave, 79 Okla. 63, 191 Pac. 739, it was held:

"That an action in equity to vacate a judgment for fraud, while strictly speaking, it is neither a collateral nor direct attack, such an action is more in the nature of a direct attack, and therefore the court classified it as an equitable proceeding."

It is clear, then, as was said in Ross v. Breene, supra:

"That the technical classification of such an action is not material, but the essential fact is that this court, in harmony with the great weight of authority, recognizes the right of an interested party affected by the extraneous fraud of a party in securing a judgment, to have the judgment vacated in an action in equity."

Plaintiffs in error's next proposition is that this partition suit cannot be maintained without joining an application in ejectment; citing Chouteau v. Chouteau, 49 Okla. 105, 152 Pac. 373. We simply quote the second paragraph of the syllabus in that case, which in our opinion is ample authority to sustain the proceedings in partition herein for the reason it cannot be said in the instant case that the defendants were holding adversely to the plaintiffs:

"The mere possession of a tenant in common, no matter how full and complete, does not operate as an ouster of his cotenant, or amount to adverse possession as against the claim of his cotenant. There must be something to show a denial or repudiation of his cotenant's right, or the possession will be deemed to be held in subordination to the rights of his cotenants."

On the other hand, there is testimony to show that the administrator recognized the rights of the plaintiffs, as disclosed in certain correspondence offered in evidence in which dividing the land is discussed. Objection was made to the introduction of this testimony, and exceptions were duly saved, but we deem it sufficient to say that in our opinion no error was committed by the trial court in admitting same, and that the judgment of the trial court herein is not against the clear weight of the evidence.

Plaintiffs in error also contend that the trial court erred in the matter of taxation of costs; citing section 493, C. O. S. 1921. This section provides for the taxing of costs and expenses in partition proceedings among the parties according to "their respective interests." The trial judge, in the exercise of his discretion, saw fit to tax the costs of plaintiffs' attorney against the interests of all the parties, and the costs of defendants' attorneys only against the interest of defendants. We think this is a substantial compliance with the section above referred to, and that no error was committed in that respect.

Holding, as we do, that the judgment and decree of the county court distributing the land here in question to S. W. Beatty and his codefendants is absolutely void in so far as the plaintiffs Ethel Beatty and Lula Stewart and defendant Matthew Beatty are concerned, we deem it unnecessary to consider other alleged errors argued by plaintiffs in error, and finding no reversible error in the record, we are of the opinion that the judgment of the trial court should be in all things affirmed, and it is so ordered.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 3 C. J. pp. 718, 721, § 618; 2 R. C. L. p. 79; 1 R. C. L. Supp. p. 387; 4 R. C. L. Supp. p. 79; 5 R. C. L. Supp. p. 68. (2) 34 C. J. p. 521, § 827. (3) 30 Cyc. p. 219 (anno). (4) 38 Cyc. p. 25.