**DRISKILL v. QUINN et al.**

No. 8577—Opinion Filed Jan. 22, 1918.

(170 Pac. 495.)

1. **Guardian and Ward—Guardian's Bond—Liability of Sureties—Judgment on Accounting.**

Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court duly entered on a hearing of an accounting or final settlement as to the amount of the principal's liability, although the sureties are not parties to the accounting.

2. **Guardian and Ward — Settlement of Account—Jurisdiction of County Court.**

It is within the province of the county court to require guardians to settle the accounts of their wards even after the letters of guardianship have been revoked.

3. **Judgment—Probate Court—Cancellation —Fraud.**

The fraud which will justify the cancellation in an equitable suit of a judgment or order of a probate court must be extraneous to the issues and such as prevented the complaining party from having a fair hearing.

(Syllabus by Hooker, C.)

Error from District Court, Jefferson County; Cham Jones, Judge.

Suit by F. E. Driskill, guardian of Harold Stidham, a minor, against B. O. Quinn and others. Judgment for defendants, and plaintiff brings error. Reversed, and cause remanded for a new trial.

J. B. Moore, E. L. Dillard, and J. H. Harper, for plaintiff in error

Bridges & Vertrees and Guy Green, for defendants in error.

Opinion by HOOKER, C. On the 17th day of July, 1909, B. O. Quinn was appointed guardian of the estate of Harold Stidman, and he executed a bond in the sum of $200 as such guardian with W. R. Donegan and L. H. Squires as his sureties, which was duly approved by the county judge of Jefferson county. Thereafter, in order to make a sale of certain real estate belonging to said ward, the said B. O. Quinn, as guardian, executed another bond in the sum of $3,000 with L. H. Squires, W. B. Fisher, J. W. Colburn, and W. R. Donegan as his sureties, which bond was duly approved, and the real estate sold.

On the 24th day of January, 1911, the said B. O. Quinn was removed as guardian of said minor by the county judge of Jefferson county, and F. E. Driskill was thereupon duly appointed guardian of said minor, and on the 14th day of April, 1914, after due citation to the said B. O. Quinn, the county judge of Jefferson county made a settlement of the accounts of said guardian and found that the said B. O. Quinn, as guardian aforesaid, was indebted to his ward in the sum of $2,917.50, and the said F. E. Driskill, as guardian, was ordered to proceed to collect the same. Thereupon, on the 26th day of August, 1914, this suit was instituted by the said F. E. Driskill, as guardian of said minor, against B. O. Quinn, the former guardian, and all the sureties to recover thereon the amount due by said guardian to the ward. It appears that all the estate of said ward consisted of the proceeds of the real estate sold by said guardian.

The answer of the sureties upon said bond denied the force and effect of the settlement made by the judge of the county court of the accounts of said B. O. Quinn, as guardian, and sought to show that various sums had been paid by the guardian for the use and benefit of his ward, and that certain other sums had been expended in the purchase of the real estate for the benefit of said ward,

and that certain sums had passed into the hands of the present guardian from the former guardian and had been so paid at the time of said settlement. And the answer further asserted that the real estate sold by said guardian only amounted to $1,800 instead of $3,000, and that on account of these matters and things that the settlement made by the county judge of the accounts of the said B. O. Quinn, as guardian, were incorrect, unjust, and should not be allowed to stand. The answer further interposed the plea of statute of limitations, to which answer a reply was filed by the plaintiff in error, and the cause came on for hearing, and after the trial court heard the evidence a small judgment was rendered in favor of the plaintiff in error and against the defendants in error, from which judgment the plaintiff in error has appealed to this court.

This court in Brown v. Trent, 36 Okla. 239, 128 Pac. 895, said:

"The fraud which will justify the cancellation, in an equitable suit, of a judgment or order of a probate court, must be extraneous to the issues, and such as prevented the complaining party from having a fair hearing."

In U. S. F. & G. v. Hansen, 36 Okla. 459, 129 Pac. 60, Ann. Cas. 1915A, 402, this court said:

"(4) The general guardian's bond is liable for the failure of a guardian to pay over the money received for land sold by order of court, although he gave a special bond as required by section 5509, Comp. Laws 1909, before making the sale.

"(5) Where the conditions of a guardian's bond recite that the principal had been appointed guardian of a certain minor, and showed clearly the purpose for which the bond was given, the bond is valid, although the name of the obligee does not appear in the blank left for that purpose in the first paragraph of the bond."

In Title G. & S. Co. v. Slinker, 35 Okla. 129, 128 Pac. 696, it is said:

"(3) A guardian will not be permitted to testify in a manner to impeach the final settlement of his guardianship accounts regularly made by the county court.

"(4) Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered on a hearing on an accounting, or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting. * * *

"(6) It is within the province of the county court to require guardians to settle the accounts of their wards, even after the letters of guardianship have been revoked.

"(7) A minor by his legal guardian may maintain an action on the official bond of a former guardian, although the bond, which was executed prior to statehood, was made payable to the United States of America."

And in the body of the opinion in this case it is said:

"It seems to be well settled that, under statutes similar to ours, a guardian will not be permitted to testify in a manner to impeach the final settlement of his guardianship accounts regularly made by the county court. * * *

"This, in effect, was held by this court in the case of Southern Surety Co. v. Burney et al., 34 Okla. 552, 126 Pac. 748 [43 L. R. A. (N. S.) 308], wherein it was held that: Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered on a hearing on an accounting, or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting * * *'

"The next error is to the effect that the court erred in permitting defendant in error to admit in evidence the decree or settlement of the county court against J. I. Slinker, the guardian; this upon the theory that a citation requiring a guardian to appear and make his final account, after he has been removed as such guardian, although duly served, is of no binding force or effect. This contention is without merit. Section 13, art. 7, of the Constitution, provides that: 'The county court shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors, * * * settle accounts of executors, administrators and guardians; transact all business pertaining to the estates of deceased persons, minors, * * * including the sale, settlement, partition and distribution of the estates thereof.' Sections 4941, 4950, a n d 5522, Comp. Laws 1909, in terms confer the same authority."

In Graff v. Mesmer, 52 Cal. 636, it was held:

"It is the peculiar province of the probate court to settle the accounts of guardians; and, as we have seen, it has authority to do so, even after the letters are revoked. The statute contemplates that its power in that respect shall be exclusive in those cases in which the necessary authority has been conferred, as in this case."

In Southern Surety Co. v. Burney, 34 Okla. 552, 126 Pac. 748, 43 L. R. A. (N. S.) 308, this court said:

"(2) Sureties on a guardian's bond are, in the absence of fraud, concluded by the decree of the county court, duly entered on a hearing on an accounting or final settlement, as to the amount of the principal's liability, although the sureties are not parties to the accounting.

"(3) The general b o n d required of a guardian is intended to secure to the infant the proper accounting for all funds, from

whatever source they may be derived, that may come into the hands of the guardian; the special or 'sales bond' requires by statute is cumulative security, required and given for the benefit of the ward; and a failure on the part of the guardian to account for the proceeds of a sale of real estate will not excuse or absolve his sureties on his original or general guardian's bond."

In Henry v. Melton, 46 Okla. 278, 148 Pac. 730, this court said:

"The principal and sureties on a guardian's bond, in the absence of fraud, are bound by the decree and order of the county court, duly entered upon a hearing of the amended final report of the guardian, as to the amount of the principal's liability."

In Anderson v. Anderson, 45 Okla. 653, 146 Pac. 709, it is said:

"(1) In suit by a guardian on a bond executed by his predecessor in office and a surety, pursuant to Rev. Laws 1910, § 6564, it is no defense thereto that the land sold and its proceeds which the guardian, on settlement with the county court, had been ordered to turn over to plaintiff, were the property of the defendant guardian.

"(2) Where a guardian executed the bond required by Rev. Laws 1910, § 6564, and received the proceeds of the sale of land for his ward, and fails to turn over the same to his successor in office after settlement with the county court, and after he is ordered so to do by the court, he is estopped, in a suit on the bond against himself and his surety, to say that the court had no jurisdiction over the property, and to repudiate the trust and set up title thereto in himself. His surety is also estopped to set up title thereto in the guardian."

In the instant case Quinn, as the former guardian of the minor, was cited by the county j dge of Jefferson county to appear and make a settlement of his accounts as guardian of said ward. Under the authority cited above the county judge had the authority to make this settlement, although Quinn had been removed as guardian several years prior thereto. Quinn ignored this citation, made no appearance, nor did he offer any excuse for his failure to appear and make a settlement with the county judge of said county.

Under the Constitution and the laws of this state, it is not only within the jurisdiction of the co nty judge of the various counties of the state to make settlements with the guardians of minors, but it is their duty so to do, and when Quinn was notified to appear and make his report and failed so to do, he had his day in court, and he and his sureties are bound by the finding of the court as to the amount due, and, in the absence of fraud the same is conclusive upon Quinn

and his sureties in an action upon said bond by the succeeding guardian to recover the amount due thereon.

We have carefully examined this record, and the evidence introduced by the defendants in error was insufficient to establish fraud; for the entire matter could have been presented to the county judge of Jefferson county upon the settlement of the accounts of said guardian, and is in our judgment insufficient to constitute a defense to the bond in question.

Under the authority of Gronna v. Goldammer, 26 N. D. 122, 143 N. W. 394, Ann. Cas. 1916A, 170, and Sweet v. Lowry, 123 Minn. 13, 142 N. W. 882, 47 L. R. A. (N. S.) 460, we must hold that this action is not barred by the statute of limitations, inasmuch as the suit was instituted within three years from the day of the settlement made by the judge of the county court with the guardian and instituted during the minority of the ward.

For these reasons, the judgment of the lower court is therefore reversed, and this caused remanded for a new trial.

By the Court: It is so ordered.