**American Railway Express Company, Appellant, v. Louis Murphy, Appellee.**

**Gen. No. 7,373.**

1. JUDGMENTS—*fraud in procuring as grounds for setting aside on bill.* While it is the duty of a party to litigation before a justice of the peace to follow an appeal if it is perfected before the justice, he is entitled to rely on representations made by the opposite party that the cause is disposed of and that no appeal will be taken, and the prosecution of the appeal by the opposite party thereafter without notice to the appellee and on his default induced by fraudulent representations constitutes a fraud on the appellee justifying setting aside the judgment on bill therefor.

2. MUNICIPAL COURTS—*jurisdiction of circuit court to set aside judgment of city court on bill.* The circuit court has no jurisdiction to entertain a suit to set aside, on the ground of fraud, a judgment of the city court.

Appeal by plaintiff from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed August 6, 1924. Rehearing denied October 8, 1924.

WOODWARD, HIBBS & POOL, for appellant.

J. L. MURPHY, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

The American Railway Express Company, appellant here, filed its bill of complaint in the circuit court of Bureau county, Illinois, against Louis Murphy, appellee, to have set aside and vacated a certain judgment in the sum of $192 and costs obtained by Murphy against the Express Company in the city court of the City of Spring Valley, Bureau county, Illinois. The bill prayed for a temporary injunction restraining the appellee from enforcing collection of the judgment by execution during the pendency of the cause. The temporary injunction was issued. The appellee entered a demurrer general and special to the bill. The demurrer was sustained, the injunction dissolved and the bill dismissed, from which decree the appellant prosecuted this appeal.

The bill alleges that on the 8th day of December, 1922, the American Releasing Corporation of the City of Chicago delivered to the appellant certain moving picture films to be transported by it to Spring Valley, Illinois, and there delivered to the consignee, the Majestic Theatre, upon the payment by said theatre of the usual express charges and the sum of $300; that said films arrived in the City of Spring Valley on the 9th day of December, 1922, and that the appellee, who was the owner and manager of the Majestic Theatre, through his attorney, J. L. Murphy, tendered the appellant the express charges for the transportation of the films and made a written demand upon the appellant for the possession thereof; that the appellant was without authority to deliver the films to the consignee except on the receipt of the express charges and the sum of $300, and therefore refused to make delivery of the films; that afterwards, on December

9, the appellee sued out a writ of replevin for said films before Robert Simpson, police magistrate in the City of Spring Valley, in which proceeding the appellant and the American Releasing Corporation were made parties defendant; that the appellee took said films by virtue of said writ of replevin, which was returnable on December 19, 1922; that on that day and from time to time thereafter until January 6, 1923, the cause was continued; that on that date no one appeared for the plaintiff and the suit was dismissed at plaintiff's costs.

The bill further charges that prior to the 6th day of January the appellee returned the films to the American Releasing Corporation and that the appellee, through his attorney, John L. Murphy, informed the appellant that the suit was dismissed and no appeal would be taken; that thereafter without giving notice to the appellant or in any way informing it of the action the appellee perfected an appeal from said judgment to the city court of Spring Valley and by various fraudulent representations prevented the appellant from appearing in that court, so that upon the call of the cause for trial, the appellant was defaulted and the appellee recovered a judgment against it in the sum of $192 for unlawful detention of said films and the costs of suit.

In so far as the averments of the bill respecting fraud are concerned, a good cause of action is stated. While it is true that it is a duty of a party to litigation before a justice of the peace to follow an appeal if it is perfected before the justice, nevertheless, where the opposite party makes representations that the cause is disposed of and no appeal will be taken, the prevailing party is entitled to rely on such representations.

But the difficulty in the case arises wholly on a question of jurisdiction. The demurrer questions the jurisdiction of any other court than the city court of

Spring Valley to entertain a bill to set aside and vacate a judgment in that court. This question was last passed upon in the Supreme Court in the case of *Simmons v. Hefter,* 308 Ill. 292. The court there had under consideration a suit filed by the appellant in the circuit court of Cook county to impeach and set aside a decree entered in the superior court of Cook county, foreclosing a trust deed. The grounds alleged in the bill were errors appearing on the face of the record and fraud in the making of an affidavit for publication of notice to the owner of the property. The court said:

"A decree, which is void, confers no right and constitutes no defense and may be attacked or disputed collaterally at any time and in any court whenever a right is claimed under it. If error is alleged in a decree, no court of co-ordinate jurisdiction can exercise any revisory authority over it and appellate jurisdiction must be invoked by appeal or writ of error. A bill in equity to impeach a decree for error apparent on the face of the record or fraud in its procurement may be filed in the same court. (*Moore v. Bracken,* 27 Ill. 23.) One court of equity has no authority to exercise a revisory jurisdiction over the decrees of another court of equity by correcting error or setting aside or reversing a decree. Circuit and superior courts of Cook county have concurrent original jurisdiction, but neither court has any jurisdiction over the proceedings or records of the other. The circuit court acquired no jurisdiction by filing the bill. (*Mathias v. Mathias,* 202 Ill. 125; 21 Corpus Juris 726; 10 R. C. L. 568.)" See also Black on Judgments vol. I, par. 297; High on Injunctions, vol. I, ch. 3, sec. 255.

In view of the foregoing authorities, we can take no other action than to affirm the decree.

*Decree affirmed.*