**CALKIN et al. v. WOLCOTT et al.**

Nos. 26349, 26350. Dec. 7, 1937.

Rehearing Denied March 1, 1938.

Application for Leave to File Second Petition for Rehearing Denied March 22, 1938.

Chas. L. Yancey, G. C. Spillers, and E. M. Calkin, for plaintiffs in error.

Stone, Moon & Stewart, for defendant in error C. W. Wolcott.

Gotwals, Gibson, Killey & Gibson, for defendants in error Clara P. Vernon, executrix, and Lem Vernon.

N. A. Gibson, for defendant in error Edward M. Box, receiver.

DAVISON, J. This is an appeal from an order and judgment of the district court of Tulsa county, sustaining the defendants' de-

murrer to the plaintiffs' evidence in two cases which were consolidated for the purpose of trial, and were consolidated in this court for all proceedings before it.

These two actions are prosecuted by E. M. Calkin and D. M. Orcutt, coguardians of Pearlie Orcutt Roberts, an incompetent, and by Pearlie Orcutt Roberts, an incompetent, against C. W. Wolcott, her former guardian and the sureties on the guardian's bonds.

In their petitions plaintiffs asked that the order approving the final account of the guardianship on January 6, 1931, by the county court of Wagoner county, be vacated, set aside, and held for naught, and that the order discharging the guardian and the bondsmen on January 8, 1931, be set aside and held for naught and that an accounting be had. The plaintiffs have appealed from the order and judgment of the court sustaining a demurrer to the plaintiffs' evidence.

The parties hereto will hereinafter be referred to as they appeared in the trial court.

Upon filing of the petition in error and case-made in this court, the defendants filed their motion to dismiss this appeal, assigning as grounds therefor that the cases-made were settled and signed, over objections and exceptions of defendant Wolcott, before the time granted by court orders for suggesting amendments had expired. It was also contended that the cases-made were never filed with the court clerk below after the purported settlement and signing on May 7, 1931.

The record in this case shows that the motion to dismiss filed herein was overruled without prejudice. subject to being again considered when the cause was considered upon the merits. The court, after further consideration of same and upon the authority of American Surety Co. v. Wolsey, 163 Okla. 270, 20 P. (2d) 158, and Emery, Rec., v. Villines, 175 Okla. 552, 53 P. (2d) 227. here make the former order overruling the motion to dismiss final.

The petitions filed in the two cases No. 26349 and No. 26350 are practically identical and include a period of time after the ward had become of age and had been declared an incompetent.

In their fourth amended petition, plaintiffs have alleged the appointment of defendant C. W. Wolcott as guardian of plaintiff Pearlie Orcutt Roberts during her minority and the time after her majority and during her incompetency. The petition alleges that W. S. Vernon, now deceased, was surety on Wolcott's guardian bond, and that defendant Clara P. Vernon is. the executrix of his estate. It is further alleged that defendant National Surety Company was surety on the bond given by Wolcott as guardian and that defendant Edward M. Box is the duly qualified and acting receiver of the assets of said company located in the state of Oklahoma. Defendant Lem Vernon is also shown to be a surety on the guardian's bond.

The plaintiffs have alleged in their petitions many acts of mismanagement and fraudulent misconduct in connection with the handling of the ward's estate by the guardians, and allege that such conduct on part of the guardian is so replete with fraudulent conduct as to authorize the court in granting the relief prayed for in their petition. It is alleged that at the time of the discharge of the guardian when the ward reached her majority, the guardian retained a large sum of money for which he had not accounted, the exact amount not available to the plaintiffs; that various illegal expenditures and charges were disclosed by the account and exhibit attached to his petition; that the order approving the final account and discharge was procured by fraud, in that Wolcott falsely represented to the county court of Wagoner county that he had made a full settlement and. fully accounted for all property coming into his hands as guardian.

Plaintiffs allege that the accounts were not true and correct, but were false and untrue and made for the purpose of deceiving the county court; that the county court believed the statements of the guardian to be true and approved the fraudulent reports; that the order approving the alleged final report was procured by false representations concerning matters outside of the records of the county court of Wagoner county; and that but for said false representations the court would not have approved same. The specific acts alleged constituting the fraud will be referred to later in order to avoid repetition herein.

The answer of defendant Wolcott alleges that the court is without jurisdiction; that the order of the county court settling guardian's account and discharging the guardian and his sureties is final and not subject to re-examination by the district court of Tulsa county, and that all matters referred to in the petition had been adjudicated in favor of the guardian and against the ward in the county court of Wagoner county, and that upon the ward obtaining majority and re-

stored to competency, affirmed and ratified all acts of her guardian, and that plaintiffs' cause of action is barred by the statute of limitations.

The answer of Clara P. Vernon, executrix, is to the same effect.

In the answer of Edward M. Box, receiver, it is alleged that he has no funds out of which to pay any judgment which might be rendered, and that the National Surety Company is in process of liquidation, and further alleges that the court has no jurisdiction over the subject matter or over Edward M. Box, and denies that the petition states a cause of action, and alleges that the matters complained of have been finally adjudicated, and defendant further pleads the statute of limitations.

While the judgment of the trial court does not affirmatively so show, the record discloses that the court sustained the defendants' demurrers to the evidence on the ground that plaintiffs failed to produce evidence to show that the former guardian committed fraud extraneous to the issues determined in court. Such fraud as prevented fair hearings upon the issues heard and determined by the court, including various hearings and orders and the final decree of the court, approving the guardian's final report and discharging him and his bondsmen.

It is the contention of the plaintiffs that, since the proceeding before the county court was not an adversary proceeding, it is not necessary that the fraud practiced by the guardian on the court be extraneous.

The plaintiffs further contend that if this court concludes that extraneous fraud is necessary in the type of case here presented, to warrant the interference of a court of equity, that fraud similar to that practiced here by the guardian Wolcott has been held by this court to be of extraneous character and sufficient to justify a court of equity in vacating the order settling the final account and discharging the guardian and his sureties.

It is the contention of the defendants that the fraud which will justify the cancellation, in an equitable suit, of a judgment or order of a county probate court must be extraneous to the issues presented and determined and such as prevented the complaining party from having a fair hearing. That a recovery cannot be had upon a showing of extrinsic fraud, unless it is shown that such fraud prevented a fair hearing.

Within these opposing contentions, there is embodied the issues presented to this court for determination.

The authorities cited by plaintiffs in support of the contention that fraud extraneous to the issues involved in the proceedings attacked is not necessary in order to justify a court of equity in canceling a judgment or order of the county probate court will be first considered.

In Francis v. Sperry, 71 Okla. 260, 176 P. 732, cited by plaintiffs and upon which she relies, this court held, in substance, that the district courts have equitable jurisdiction to set aside and annul orders of the county court approving final settlement of guardians where same was procured by undue influence on the ward and fraudulent representations made to the court.

In that case the wards had been kept in ignorance concerning the condition of their estates by the deception of the former guardian. They were prevented from attending the hearing on the guardian's final account by fraudulent information given them by the former guardian. A waiver of notice and final receipt from the former wards were procured by fraudulent misrepresentations of the former guardians. No settlement had been made when the receipts were signed by the former wards and none made thereafter as promised. The court was misled and deceived by fraud practiced by the former guardian, and the wards did not have a fair and impartial hearing before the court. The fraud complained of was extrinsic to the matters really heard and determined by the court. We think this class of fraud comes squarely within the classes of fraud for which a court of equity would take jurisdiction, as laid down in McIntosh v. Holtgrave, 79 Okla. 63, 191 P. 739, wherein this court said:

"The question then presented is, Does the district court have power and jurisdiction in an equity proceeding to set aside and annul the orders and judgment of the county court on account of fraud in inducing or entering into such order or judgment, where the fraud practiced was extrinsic to the issues, and where the court has been imposed upon by such fraud."

The opinion further showed that the minor was prevented from having his case presented in the court by reason of the fraud practiced upon the court and the minor by having fraudulent returns made of the notice. Fraud was practiced upon the court by having a third party fraudulently represent herself to be the mother of the minor

and appear in court and fraudulently attempt to give consent. The fraud of the father prevented the mother of the infant from having notice of the suit, and there was no real contest or trial or hearing of the cause because of such fraud.

In Brown v. Trent, 36 Okla. 239, 128 P. 895, th's court held:

"The fraud which will justify the cancellation in an equitable suit, of a judgment or order of the probate court, must be extraneous to the issues, and such as prevented the complaining party from having a fair hearing."

In that case the court held also that, where a petition alleges that an order of court directing a guardian to sell land was procured by fraud, and prays to have the order of sale and subsequent orders approving the sale canceled, the district court has jurisdiction and that the suit is a "direct attack" on the orders and not a "collateral attack."

In the body of the opinion the court said:

"Not that every kind of fraud will vitiate a judgment. There are authorities holding that a judgment or verdict obtained on perjured testimony can be set aside in equity; but this is not believed to be the law. To investigate the character of testimony upon which a judgment was obtained would be to retry the issues submitted in the trial at which the judgment was obtained, and the result would be that there would be no end to the litigation. The fraud which will vitiate a judgment must be extraneous to the issues and such as deprive the party of a fair opportunity to present his case."

This court has many times adhered to the rule laid down in th'at case relative to fraud, jurisdiction, and collateral and direct attack. Brewer v. Dodson, 60 Okla. 81, 159 P. 329; Elrod v. Adair, 54 Okla. 207. 153 P. 660; Johnson v. Filtsch, 37 Okla. 510, 138 P. 165; Thigpen v. Deutsch, 66 Okla. 19, 166 P. 901; Driskill v. Quinn, 69 Okla. 77, 170 P. 495: Saxon v. National Surety Co., 129 Okla. 300, 264 P. 885. Some of these authorities are cited by the plaintiffs.

By section 13, article 7, of the Oklahoma Constitution, the county courts of this state were given the general jurisdiction of a probate court. Section 13565, O. S. 1931, fully outlines the scope of the authority of the county court in probate matters. Section 13568, O. S. 1931, provides for an appeal to the district court and a de novo trial in all cases arising under the probate jurisdiction of the county court. The orders and decrees of the county courts in probate matters

are conclusive upon the wards, guardians and sureties, and the same can be attacked only in like manner as decrees in courts of general jurisdiction. In Tiger v. Drumright, 95 Okla. 174, 217 P. 453, this court held:

"County courts of this state have general jurisdiction in probate matters and their orders and judgments will be accorded like force, effect and legal presumption of other courts of general jurisdiction, and a guardian's petition to sell real estate of a minor, which contains sufficient allegations to challenge the attention of the court in regard to its merits, is sufficient to give the court jurisdiction, and a sale made thereunder cannot be attacked for insufficiency of the petition on a collateral attack. The rule announced in Cowan v. Hubbard, 50 Okla. 671, 151 P. 678, and Welch v. Focht, 67 Okla. 275, 171 P. 731, followed:

"Where a petition contains sufficient allegations as to the condition of the estate and the necessity of the sale to give the court jurisdiction, a court of equity will not vacate a sale because the statements were false as the jurisdiction of the court rested on the averments of the petition and not the truthfulness thereof.

"The questions of the condition of the estate and the necessity for the sale were matters which were before the county court for determination, and were necessarily determined by the court when the order of sale was made, and judgment procured by false testimony on material questions which were tried and determined by the court will not be set aside in an equitable action in that court unless the false and perjured testimony concerns some extraneous fraud practised upon the court."

The court quoted with approval the case of Brown v. Trent, supra.

Again, in Scott v. Gypsy Oil Co., 112 Okla. 13, 239 P. 887, this court approved the rule expressed in Brown v. Trent, supra, and Tiger v. Drumright, supra, and said:

"This court in numerous cases has held that the sale of a minor's interest in real estate, the determination by the county court of the necessity therefor, and the adequacy of the consideration, are conclusive in a collateral proceeding, in the absence of fraud extrinsic to the record, and are impervious to collateral attack, and the scope of inquiry in a collateral attack is confined to the consideration as to whether the county court had jurisdiction of such proceedings. Welch v. Focht, 67 Okla. 275, 171 P. 730, L. R. A. 1918D, 1163; Tiger v. Drumright, supra. To the same effect: Brown v. Trent, 36 Okla. 239, 128 P. 895; Bowling v. Merry, 91 Okla. 176, 217 P. 404; Crabtree v. Bath, 102 Okla. 1, 225 P. 924."

Under the contentions of the parties as

presented herein, there seems to be some confusion as to what acts committed by an administrator or guardian out of court constitute such extraneous fraud as will justify a court of equity to take jurisdiction, as compared with the acts of intrinsic fraud, the relief from which must be invoked in the same tribunal wherein committed.

In Toledo Scale Co. v. Computing Scale Co. (C. C. A. 7th Circuit) 281 Fed. 488, the court discusses the case of United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93, wherein an illustrative definition of both intrinsic and extrinsic fraud is given, and is, in substance, that intrinsic fraud is any fraudulent conduct of the successful party which was practiced during the course of an actual adversary trial of the issues joined and which had no effect directly and affirmatively to mislead the defeated party to his injury after he announced that he was ready to proceed with the trial. If during the trial the successful party urges forged instruments, or perjured testimony, or fails to introduce witnesses of whom he has knowledge and whose testimony would help his adversary and impair his own case, he is guilty of fraud; but it is intrinsic fraud, for relief from which application must be made to the court having jurisdiction of the issues joined and tried.

Extrinsic fraud was defined, in substance, to be any fraudulent conduct of the successful party which was practiced outside of an actual adversary trial and which was practiced directly and affirmatively on the defeated party, whereby he was prevented from presenting fully and fairly his side of the case. If the successful party, by fraud or deception practiced on his opponent, keeps him in ignorance of the suit, or falsely represents that he is merely a nominal party against whom no relief is sought, or lulls his vigilance by a false promise or compromise, or kidnaps his witnesses, or seduces his attorney or procures an attorney without authority to represent him in court, he is guilty of fraud; and inasmuch as the fraud is extrinsic, that is, a fraud not practiced upon the trial court and the opponent during the course of an actual adversary trial of the controversy between the parties, any court of equity has power to annul the decree so obtained.

These definitions, of course, contain only some of the acts which might be done in order to commit intrinsic and extrinsic fraud. Furthermore, such fraud, under the rule of this court, need not be committed in an adversary proceeding.

With this definition of extrinsic fraud before us, as well as many acts of guardians in cases herein cited, wherein such acts were held to be extrinsic fraud, let us review the specific allegations of fraud charged in the plaintiffs' petition.

The guardian is charged with failing to disclose to the county court that he received a commission as agent on the insurance policies written for the ward; that guardian made false representations as to the purchase price of certain property he proposed to buy for his ward, the price being less and the difference being retained by guardian; that guardian conspired with appraisers appointed by the court to make false appraisements of lands in Wagoner county for purpose of loan of ward's funds on same; that guardian falsely represented that his ward was indebted to her mother and received a payment to the mother of $2,000,000; the guardian failed to disclose to the court that he used his ward's money to finance personal deals on Texas land wherein the guardian deeded lands belonging to himself in Wagoner county, Okla., to an agent for a Texas land company in consideration of receiving certain Texas land upon his loaning funds of ward on the Wagoner county land; that many orders of the county court of Wagoner county authorizing the guardian to do certain things were wholly null and void and beyond the power of the county court; in representing to the county court the amount and nature of work done in the ward's estate relative to attorney fees for litigation, where, in fact, the services rendered were foreclosure proceedings only; that by guardian's false representations so made outside of the record concerning said transactions involving the sale of guardian's worthless land to his ward, the county court approved the loans and guardian's final report, which he would not otherwise have approved; that the false and fraudulent representations so made by the guardian to the county court in procuring various and sundry orders, and especially in procuring the approval of his final report, were made for the purpose of deceiving the county court of Wagoner county; that the court relied upon such false representations and approved the guardian's illegal final account. The plaintiffs further alleged that they believed there are many other fraudulent transactions which will develop at the trial of the cause concerning which no definite allegation could be made at this time.

When we give due consideration to all of the allegations in plaintiffs' petition, alleg-

ing deception and fraud on part of the guardian, and to the testimony introduced in support thereof, we are convinced that, in dealing with the ward's estate, many of the acts of the guardian were not only unfair to the ward but were both reprehensible and fraudulent in character. These allegations of fraud and acts of the guardian pertained to matters which were before the county court for determination by the court and were necessarily determined by the court at the time the various orders complained of were made and entered.

We do not think that the petition alleged, or that the testimony showed, such fraud extraneous to the issues presented and passed upon by the county court as prevented the ward from having a fair hearing before the court upon the issues so presented and determined.

The jurisdiction of the county court to authorize a loan of guardian's funds upon certain real estate or to purchase real estate for a ward or to order a sale of certain of the ward's real estate, depends upon the sufficiency of the averments of the petition, and not upon the truth of those averments (Dosar v. Hummell, 89 Okla. 152, 214 P. 718) ; and the fraud which will justify the cancellation in an equitable suit of a judgment or order of the probate court must be extraneous to the issues and such as prevented the complaining party from having a fair hearing when the question was before the court upon which the order or judgments complained of were issued. Brown v. Trent, supra; Driskell v. Quinn, supra. The county court was the proper tribunal in which to determine, at the time, the truthfulness or falsity of the allegations in a petition asking for orders pertaining to the ward's estate, and the judgment or order of the court is a finding upon that question.

Where a judgment is entered by a court of general jurisdiction and the record is silent as to the existence of facts which gave the court jurisdiction, it will be presumed that all facts necessary for the proper rendition of the judgment have been found to exist before judgment was rendered, and the same cannot be attacked in a collateral proceeding nor set aside in an equitable action on ground of fraud unless the fraud is extraneous to the issues in the case and such as deprived the party of a fair opportunity to present his case. Johnson v. Furchtbar, 96 Okla. 114, 220 P. 612.

We must, therefore, conclude that the trial court committed no error in sustaining the defendants' demurrer to the evidence submitted by the plaintiffs, and the judgment of the trial court is affirmed.

OSBORN, C. J., and RILEY, PHELPS, and WELCH, JJ., concur. BAYLESS. V. C. J., and CORN, J., absent. HURST, J., disqualified. GIBSON, J., not participating.