## The Village of Hartford, Appellant, v. First National Bank of Wood River, Appellee.

448

Opinion filed October 30, 1940.

JACOBY & PATTON and FRANK L. MANNS, both of Alton, for appellant.

VERLIE, EASTMAN & SCHLAFLY and JOHN J. GAINER, both of Alton, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee, First National Bank of Wood River (hereinafter referred to as defendant), and against appellant, the Village of Hartford, a municipal corporation (hereinafter referred to as plaintiff Village).

Plaintiff Village filed an action in chancery to set aside and hold for naught what it alleged to be a purported or pretended consent judgment, in favor of defendant, and against plaintiff Village, entered February 9, 1932, in the sum of $12,120.37, on the ground that the items upon which said judgment was based (which consisted substantially of certain warrants payable solely out of funds realized from the collection of special assessments), were unlawful or improper claims or charges against the general revenue funds or credits of the Village, and that the action of the president and board of trustees in consenting to, or confessing said judgment, together with the action of the defendant in procuring the same, was and is a fraud upon the plaintiff Village and the public. It is alleged that the said Village president and board of trustees were without such authority under certain provisions of Ill. Rev. Stat. 1939, ch. 24, secs. 803, 808.25, and 104 [Jones Ill. Stats. Ann. 76.117, 76.175, 21.196]. Section 808.25 referred to provides, in substance, that no person accepting the vouchers or bonds provided for in connection with assessments, shall have any claim or lien upon the Village in any event for the payment of the vouchers or bonds, or the interest thereon, except from the collection of the assessment against which the vouchers or bonds are issued. In addition to allegations relating to the entry of the judgment, it was likewise alleged that between Febru-

ary of 1932, and June of 1938, the time of the filing of the complaint, plaintiff Village had made substantial payments on the principal and interest due on the judgment. The complaint prays for recovery of such amounts which, it is contended, were wrongfully paid out.

The defendant bank filed a motion to dismiss both the original and the amended complaint, and the matter was determined on the motion filed to dismiss the amended complaint. The grounds set forth in the motion were that: (1) The judgment, which the plaintiff Village sought to have set aside, was entered by a court having competent jurisdiction of both the parties and subject matter, and upon a consent and confession executed by the president of the plaintiff Village, pursuant to the authority of the board of trustees of the plaintiff, and it was therefore valid and legal; (2) That the proper procedure to set aside such a judgment by confession was through the filing of a motion, supported by affidavit, rather than through complaint in equity; (3) That the action was barred by a prior judgment, and that plaintiff Village was barred by laches from obtaining the relief sought; (4) That it is not alleged that plaintiff has been diligent or has an equitable excuse for its delay; and (5) Also, that the complaint fails to state a cause of action against defendant. The motion to dismiss the amended complaint was sustained. The plaintiff Village elected to stand by such amended complaint, and judgment was thereupon entered against it. This appeal is prosecuted from such judgment.

Essentially, the grounds relied upon by the defendant are stated, as follows: (1) Plaintiff's complaint does not allege due diligence; and it appears that plaintiff was guilty of laches and acquiescence; (2) Plaintiff's complaint does not contain any facts to show that the defendant bank was guilty of fraud; and (3) That equity will not set aside the judgment

of the court having jurisdiction of the parties and subject matter because such judgment is erroneous, or because plaintiff had a good defense thereto. We shall consider such points in the course of this opinion, roughly, in reverse order. What we have to say is predicated, for the purpose of consideration of this cause (on the basis of the motion to dismiss), on the assumption that the allegations stated in the complaint are true.

The contention that a court of equity will refuse to act even though the decision was erroneous, or a good defense might have been presented by a defendant, applies only where there has truly been an adjudication of the matter before the court, and does not apply to a case of the character under consideration, where a consent judgment has been entered under circumstances such as are present in the instant case.

In the case of *Kelly v. Milan,* 127 U. S. 139, the United States Supreme Court concluded that the action of officials representing a municipality, in consenting to a decree adjudging certain bonds to be valid obligations of such municipality, was ineffective to make such matter *res adjudicata* in a subsequent proceeding before there was no adjudication by the court of the validity of the bonds. It was stated that the case was not a submission to the court for its decision on the merits, but was a consent in advance to a particular decision by a person who had no right to bind the town by such consent, because it gave life to invalid bonds. It was observed that the authorities of the municipality had no more power to do this than they had to issue the bonds originally. A consent judgment, in which officials representing a municipality assume obligations against a municipality, which are unauthorized by law, is void, and the claim or demand receives no greater validity by reason of such act than it had theretofore (*Kelly v. Milan, supra; Slayton v. Crittenden County,* 284 Fed. 858).

On the second point raised by defendant, as to the failure of the complaint to recite facts showing fraud, it is only necessary to state that the complaint sets up facts which, in light of the law, demonstrate that the municipal officials engaged in an act, which was wholly unauthorized, in consenting to a judgment on warrants which were expressly declared not to be payable out of the general fund, but only out of the collection of special assessments, the remedy for the enforcement of which is by mandamus or injunction.

As stated in *Goldman v. Blanksten*, 240 Ill. App. 136 (quoting from Pomeroy's Equity Jurisprudence), "The remedy which equity gives to a defrauded person is most extensive. It reaches those who are actually concerned in the fraud, and all those who directly or knowingly participated in its fruits." The defendant knew, or was chargeable with knowledge on the basis of the issue presented on the motion to dismiss, that the warrants were to be payable "solely out of the funds realized from the collection of the first installment of the Special Assessment," and not out of the general revenues or funds of the municipality (*Scates v. King*, 110 Ill. 456). The attempt to convert the warrants into an obligation against the general funds of the Village by the entry of judgment through consent is adequately alleged as the basis of the fraudulent act of the then president and board of trustees of the Village, acting in conjunction with the defendant.

Where a judgment has been obtained by fraud or undue advantage, courts of equity have acted by injunction, even where the relief might be had at law. The proceeding to set such judgment aside, being purely original, could be instituted either in law, or in equity, by the injured party, and the fraudulent judgment being void in equity as regards the defrauded party, could not preclude the exercise of equitable jurisdiction (*Nelson v. Rockwell*, 14 Ill. 375; *Truett v.*

*Wainwright,* 9 Ill. 418). This rule still prevails despite other available procedure under the Civil Practice Act (*Printers Corp. v. Hamilton Investment Co.,* 295 Ill. App. 34).

The final point raised by defendant that plaintiff was guilty of laches and acquiescence and that, therefore, a court of equity will not intervene, deserves more extensive consideration. It is true that as relates to a private person or corporation, such objection would prevent relief in equity after a period of six years had expired from the time of the entry of judgment, before the complaint in equity is filed, and particularly when payments (stated to be about $6,000 in the instant case) have been made upon the judgment in recognition of it.

Different considerations, however, apply to a governmental agency, such as the municipality involved in this case. The maxim "nullum tempus occurrit regi"—in effect that the doctrine of laches does not apply against a unit of government, has been interpreted as being restricted to public rights of the governmental agency, and has been held not to apply to contract, or other nongovernmental rights (*Ramsay v. County of Clinton,* 92 Ill. 225; *Chicago v. Chicago & N. W. R. Co.,* 163 Ill. App. 251).

With considerable ingenuity, it is contended by the defendant (as one reason for concluding that a public right is not involved), on the authority of *Healy v. Deering,* 231 Ill. 423, that a municipal corporation may validly consent to the entry of a judgment or decree against it (although fraud is expressly excepted in such case), and that a consent decree partakes both of the nature of a contract and a decree (*American Tar Products Co. v. Bradner Smith & Co.,* 238 Ill. App. 151), and that, therefore, in the instant case a contractual or private right is involved, and that the doctrine of laches applies. We cannot agree that such conclusion is either legally sound or equitably proper.

We do not believe that a judgment obtained by consent, based upon warrants which do not authorize the entry of such judgment, can change the character of a right of the municipality so as to make applicable the doctrine of laches, irrespective of the manner in which the contention is sought to be rationalized. The rule which has been stated in the cases attempting to distinguish between public and private rights, has not clearly established the limitations of the doctrine and of the interpretation of ''public'' or ''private'' rights. It has been stated in *Chicago v. Chicago & N. W. R. Co., supra,* that if the rights involved are such as are limited to a particular locality, they are deemed to be private, while if they are such as belong to all of the people of the State, or in which all the people of the State are interested, such rights are deemed to be public, and the doctrine of laches, or the statute of limitations is not deemed to be applicable.

We might logically conclude that the general statutes of this State limiting the legal effect of the warrants upon which the consent judgment was taken, might give this action the character of one to assert a public right, rather than a private right. It seems to us, however, that another distinction, more fundamental in nature, exists in the present case, which should prevent the application of the doctrine of laches. If the municipal authorities had consented to a judgment based upon obligations of another municipality, or on no consideration, it could hardly be contended that such judgment was inviolate after a period analogous to that of the statute of limitations had expired, even though payments may have been made upon such judgment. Such judgment would have been void, and the consent of the municipal authorities could not have given it any greater validity. We feel that the same considerations apply in the instant case.

The rule as to the applicability of the doctrine of laches was never intended, we believe, to be available

to defeat the intervention of equity in a case such as is presented here. The original parties in the transaction giving rise to the entry of judgment, are involved in this proceeding. No change of position has taken place other than such as would arise from a partial payment upon such invalid judgment by the plaintiff Village. If action had been instituted originally under circumstances which would have justified the entry of judgment, even though the Village may have had a defense, or even though other specific objection might have been made to the entry of such judgment, our conclusion would have been that a court of equity should not intervene.

In the instant case, however, it was apparent from the original complaint in the action in which judgment was taken (on the basis of the record before us), that a valid judgment could not have been entered pursuant thereto, as against the Village. The act of the municipal authorities in consenting to a judgment upon such complaint, was a nullity. While, ordinarily, a change of position is not considered where a period analogous to the period of the statute of limitations has expired, still, where no change of interest has occurred and no innocent third parties are involved, and the original parties are before the court in an equity proceeding, we must conclude that it would not be in keeping with the principles of equity to invoke the doctrine of laches and prevent the granting of relief to a public body.

It is, therefore, our conclusion that the circuit court of Madison county erred in sustaining the motion to dismiss, and in entering judgment in favor of defendant, and against the plaintiff Village herein.

This cause will, therefore, be reversed and remanded to said circuit court, with directions to overrule the motion to dismiss, and to proceed in accordance with the views expressed in this opinion.

*Reversed and remanded.*