**W. R. BRITTON, Plaintiff in Error,**

v.

**Mark GANNON, Defendant in Error.**

**No. 36249.**

Supreme Court of Oklahoma.

May 3, 1955.

Rehearing Denied June 21, 1955.

Busby, Stanfield, Busby & Deaton, by David Busby, Ada, for plaintiff in error.

McArthur & Orton, by C. L. McArthur, Ada, for defendant in error.

ARNOLD, Justice.

Mark Gannon brought this action in the District Court of Pontotoc County against W. R. Britton on a foreign judgment rendered in favor of said Gannon against Britton in the Circuit Court of Fayette County, Illinois, in the sum of $18,000.

Defendant filed answer consisting of a general denial and allegations to the effect that Mark Gannon was only a nominal party; that the real party in interest was Roy or "Spike" Gannon, brother of Mark Gannon; that said "Spike" Gannon had advised defendant that he was filing suit to recover certain personal property owned by him and defendant which had been sold pursuant to mortgage foreclosure proceedings and that Britton was a necessary defendant, but that no judgment would be taken against him, and relying on these representations, although served with summons, Britton made no effort to defend such suit and did not know that judgment had been taken against him until the instant suit was filed. Upon motion of plaintiff and over the objections and exceptions of defendant all allegations of defendant's answer except his general denial were stricken.

When the case came on for trial defendant moved for a jury trial, which motion was overruled and exceptions allowed. Plaintiff offered in evidence authenticated copies of the alias request for summons, the summons and return thereon showing personal service on Britton, affidavit as to military service, motion for leave to file amended complaint, affidavit of mailing, notice, the amended complaint with exhibits thereto, including authenticated copy of the judgment in the Illinois case and rested. Defendant offered evidence, which

was objected to by plaintiff and objection sustained, to the effect that one Roy "Spike" Gannon about July 10, 1946, called defendant offering to purchase a one-third interest in Britton's drilling business; that defendant Britton owned about $65,000 worth of drilling equipment upon which there was a $20,000 mortgage; that Gannon offered to pay $15,000 for a one-third interest, to which Britton agreed; that Gannon paid Britton $13,000 in cash, saying he did not want any record made of the transaction as he had income tax troubles; that it was agreed that Gannon would share one-third of the profits, if any, made by use of the drilling equipment, which usually ran about $3,000 per well; that it was agreed that the remaining $2,000 of the purchase price of the one-third interest would be deducted from Gannon's share of the profits; that later "Spike" Gannon asked Britton to sign a bill of sale putting the one-third interest in his brother's name, Mark Gannon (plaintiff here); that actually Mark Gannon never had any interest in the business but "Spike" Gannon at all times was a silent partner in the business; that five wells were drilled after this partnership was formed, but three were dry and the other two were not profitable, so that the partnership became unable to pay the installments on the mortgage and the mortgage on the rig and equipment were foreclosed; that after the rig and equipment were sold at public auction in the foreclosure proceedings in January, 1947, "Spike" Gannon and his attorney came to Britton in Illinois and told Britton that because of certain irregularities in the foreclosure proceedings they might be able to get a portion of the equipment back; that to do this it was necessary to file suit, making Britton a party, but so far as Britton was concerned it was a friendly suit and Britton would not be sued for any money and Britton need not worry about any judgment; that they needed Britton's cooperation, which Britton agreed to give, giving Gannon and his attorney a sworn statement as to all the facts concerning the indebtedness on the equipment; that summons was served on Britton; that the original complaint (which was in evidence) asked for

no relief against Britton other than that a lien be declared in Gannon's favor against the interest of Britton in the equipment which Gannon sought to recover; that thereafter on several occasions Gannon told Britton to forget about the case, that Britton would not need a lawyer, that Gannon's lawyer would take care of Britton's interest; that relying on Gannon's representations Britton returned to his home in Ada, Oklahoma, and heard nothing further about the case until the instant suit on the foreign judgment was filed in Pontotoc County on February 21, 1952; that Britton never received notice that the original complaint had been amended to ask for personal judgment against him, or that the suit had been dismissed with prejudice against all defendants except Britton; that Mark Gannon had never made any inquiry about the progress of the business but that "Spike" Gannon had kept in close contact with it all the time of its existence.

The court found that under the full faith and credit clause of the Constitution of the United States, art. 4, § 1, it had no right to hear and determine the validity of the defendant's defense raised by his amended answers and cross petition and proffered testimony in support thereof; and entered judgment in favor of plaintiff for the amount prayed for.

Defendant contends that the court erred in refusing to allow him to present evidence to the effect that the judgment in Illinois, the basis of the present suit, was procured by extrinsic fraud and therefore not entitled to full faith and credit in Oklahoma.

The general rule is that a state court is not required to recognize the judgment of a court of another state, territory, or country subject to the jurisdiction of the United States, where the court rendering the judgment was without jurisdiction or judgment was obtained by extrinsic fraud. Stephens v. Thomasson, 63 Ariz. 187, 160 P.2d 338, and cases therein cited. Whatever plea would be good in the state in which the judgment was rendered may be pleaded in suit on the judgment in any other court in the United States. Ibid. Extrinsic fraud has been defined as any fraudulent

**410**

conduct of the successful party which was practiced outside of an actual adversary trial directly and affirmatively on the defeated party whereby he was prevented from presenting fully and fairly his side of the cause. Included in such definition are false representations that the defeated party is merely a nominal party against whom no relief is sought, false promises of compromise, concealment of the suit, kidnapping of witnesses, and the like. Calkin v. Wolcott, 182 Okl. 278, 77 P.2d 96. In such cases a court of equity had power to annul the decree so obtained. Ibid. See also American Ry. Express Co. v. Murphy, 234 Ill.App. 346, Village of Hartford v. First National Bank of Wood River, 307 Ill.App. 447, 30 N.E.2d 524. Some cases, as United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93, put this on the ground that in such cases there has never been a real contest in the hearing of the case; others, such as Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, cited as authority in Stephens v. Thomasson, supra, on the ground that such conduct on the part of the successful party prevented the court from having jurisdiction to render the judgment which was rendered. Others, such as Levin v. Gladstein, 142 N.C. 482, 55 S.E. 371, 32 L.R.A.,N.S., 905, put it on the ground that a foreign court is not required to give greater faith and credit to the judgment than it is entitled to at home, and when the state in which the judgment was rendered would enjoin the enforcement of such judgment because of the circumstances under which it was obtained, the sister state may do likewise.

■■ Regardless of the reason assigned for the rule, the weight of authority is overwhelming that a defense of extrinsic fraud of the nature here sought to be plead and proved may be interposed in a suit on a foreign judgment, not for the purpose of reviewing, setting aside, modifying, or annulling the judgment of the sister state, but to prevent its enforcement in the collateral court. See American Ry. Express Co. v. Murphy, supra; Reisman v. Central Mfg. District Bank, 316 Ill.App. 371, 45 N.E.2d 90; Village of Hartford v. First National Bank of Wood River, 307 Ill.App.

447, 30 N.E.2d 524. The trial court erred in refusing the proffered evidence of extrinsic fraud.

Reversed and remanded for a new trial.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, BLACKBIRD and JACKSON, JJ., concur.